## Flavell's Case.

The governor may annex to a pardon any condition, whether precedent or subsequent, not forbidden by law, and it lies on the grantee to perform it.

If he does not, in case of a condition precedent, the pardon does not take effect —in case of a condition subsequent, the pardon becomes null; and if the condition is not performed, the original sentence remains in full force, and may be carried into effect.

HABEAS CORPUS to bring up the body of Wesley Flavell, who was in prison under sentence of the Court of Oyer and Terminer of the city and county of Philadelphia on conviction of murder in the second degree. The prisoner claimed his discharge under the following pardon:

*Pennsylvania, ss.*

In the name and by the authority of the Commonwealth of Pennsylvania—

DAVID R. PORTER.

DAVID R. PORTER, Governor of the 'said Commonwealth—

To all to whom these presents shall come, sends greeting:—

Whereas at a Court of Oyer and Terminer, held in and for the city and county of Philadelphia at September Sessions 1844, a certain Wesley Flavell was indicted and convicted of murder in the second degree, and was thereupon on the 28th day of December 1844, sentenced by the said court to pay a fine of $1 to the Commonwealth, undergo an imprisonment in separate or solitary confinement at labour in the State Penitentiary for the Eastern District of Pennsylvania for the term of 12 years, and be fed, clothed, and in all respects treated as the law directs; that he pay the costs of prosecution, stand committed, &c.

And whereas it is made manifest to me that the said Wesley Flavell was deprived of his reason at the time, and wholly unconscious of having committed the act, and his friends offering to take him home to Ireland immediately, there to remain until his reason shall have been fully restored.

I do therefore in consideration of the premises, hereby *pardon* the said Wesley Flavell, on the express condition that he be taken direct from the penitentiary on board the vessel which is to convey him out of the country, there to remain until the vessel put to sea, and he is hereby fully pardoned accordingly.

R *

[Flavell's Case.]

Given under my hand and the great seal of the State at Har-
risburgh, this 20th day of January 1845, and of the Com-
monwealth the 69th.

By the Governor,                    Thomas L. Wilson,
                *Deputy Secretary of the Commonwealth.*

The case was argued by *D. P. Brown*, for the relator.
*F. Wharton* and *Kelly*, contra.

The opinion of the Court was delivered by

Sergeant, J. — The charter to William Penn gave power to
him and his heirs and their deputies and lieutenants to remit, re-
lease, pardon and abolish (whether before judgment or after) all
crimes and offences whatsoever committed against the laws, trea-
son and wilful and malicious murder only excepted, and in those
cases to grant reprieves until the king's pleasure might be known
therein.   The Constitution of 1776 imitated this modification of
the Executive power, substituting the Legislature for the Crown.
The power there given was to grant pardons and remit fines in
all cases whatsoever, except in cases of impeachment; and in
cases of treason and murder to grant reprieves until the end of
the next sessions of the Assembly. Under this Constitution it was
made lawful for the Executive Council, by the Act of 8th March
1780, upon the prayer of any person under sentence of death for
treason or felony, to grant to such person a pardon, so far as re-
spected his life, consonant with the limitations of the constitution,
on condition that such person should, within a limited time, de-
part from this State to foreign parts beyond sea, and that he
should not return into this State or any of the United States of
America, and on not departing or returning into the United States,
the pardon to be void, and he should suffer death according to the
sentence pronounced against him. 1 *Smith's Laws* 498. This Act
shows that conditional pardons are by no means strange to the
jurisprudence of Pennsylvania, even though the condition amount-
ed to banishment or expatriation.

When, however, the constitution of 1790 came to be formed,
all restrictions and limitations on the power of pardon by the
executive were laid aside, and it was given fully, absolutely, and
in its most comprehensive extent.  By article 2, section 9, it was
declared that the governor shall have power to remit fines and
forfeitures, and grant reprieves and pardons, except in cases of
impeachment. And by our present constitution of 1838, though se-
veral propositions were made in the convention to limit and con-
trol the exercise of the power of pardon by the executive, they
were overruled, and the provision left as it stood.   Now no prin-
ciple is better settled than that for the definition of legal terms
and construction of legal powers mentioned in our constitution
and laws, we must resort to the common law, where no Act of

Assembly, or judicial interpretation or settled usage has altered their meaning.  The Act of 28th January 1777, the second Act passed by our Assembly after the revolution, expressly enacts, that the common law and such of the statute laws of England as had theretofore been in force, except those particularly excepted, should continue to be in force.  By the common law there are some acts of such a nature that a condition subsequent cannot be attached to them from its repugnancy to the act done: there are others to which any condition may be annexed which the party chooses, and amongst the latter are pardons.  The distinction is clearly laid down by Lord Coke, *Co. Lit.* 274 *b,* who says an express manumission of a villein cannot be on condition, for once free in that case and ever free.  Also an attornment to a grantee upon condition, the condition is void because the grant is once settled.  But this is to be understood of a condition subsequent and not of a condition precedent, for in both these cases the condition precedent is good.  But letters patent of denization made to an alien may be either upon condition subsequent or precedent.  And so may the king make a charter of pardon to a man of his life upon condition, as is above said.  To the same effect are Hawkins, Blackstone, Chitty, and other writers on criminal law.  A pardon, therefore, being an act of such a nature as that by the common law it may be upon any condition, it has the same nature and operation in Pennsylvania, and it follows that the governor may annex to a pardon any condition whether precedent or subsequent not forbidden by law, and it lies upon the grantee to perform the condition.  If he does not, in case of a condition precedent, the pardon does not take effect; in case of a condition subsequent, such as this before us, the pardon becomes null; and if the condition is not performed, the original sentence remains in full vigour, and may be carried into effect.  The propriety or wisdom of granting such pardons, or of the terms and conditions annexed, must rest with the executive, to whom the constitution entrusts this authority.

Prisoner discharged.