## SAMUEL KENNEDY'S CASE.

Suffolk. March 23. — April 6, 1883. W. ALLEN, J., absent.

The Pub. Sts. *c.* 218, §§ 12–14, providing that, in any case in which the Governor is authorized by the Constitution to grant a pardon, he may, with the advice of the Council, upon the petition of the person convicted, grant a conditional pardon, and that, where the conditions of the pardon are violated, he shall be arrested, and the Governor and Council shall "examine the case of such convict, and, if it appears by his own admission or by evidence that he has violated the conditions of his pardon, the Governor with the advice of the Council shall order the convict to be remanded and confined for the unexpired term of his sentence," are constitutional; and the Governor and Council may order the convict to be so remanded and confined without notice to him, and without giving him an opportunity to be heard.

PETITION for a writ of habeas corpus, dated February 10, 1883. Hearing before *Devens*, J., who reserved the case for the consideration of the full court, upon the following facts:

In February, 1867, the petitioner was sentenced to imprisonment in the state prison for life, for the crime of arson, and was

confined there until July 18, 1877, when he was discharged, by virtue of a warrant of pardon, granted by the Governor with the advice and consent of the Council, containing the condition that, " if before the expiration of said sentence he be convicted of any crime punishable by imprisonment, he shall serve the remainder thereof." In November, 1879, the petitioner, under the name of George White, was sentenced to the state prison for the crime of larceny, and was confined there until July 7, 1882, when his term for said larceny expired.

On June 26, 1882, the warden of the state prison wrote a letter to the Governor, purporting on its face to be pursuant to the Pub. Sts. c. 218, § 13, in which he stated the facts of Kennedy's conviction and sentence to the state prison for life, his pardon, his second sentence, and the fact that his sentence would expire on July 7, 1882. This letter was received by the Governor, and read to the Council, and the following order was passed at a meeting of the Governor and Council, on June 30, 1882, without further hearing or evidence:

" Whereas Samuel Kennedy, a convict in the state prison, was granted a conditional pardon on the eighteenth day of July, A. D. 1877; and whereas it appears by evidence that said convict has violated the conditions of his pardon : it is hereby ordered, that said convict be remanded and confined in said state prison for the unexpired term of his sentence, on the expiration of any present sentence which he is now serving."

No new arrest was made of the petitioner, and no notice was given to him, nor did he have any knowledge of the proceedings of recommittal; but, after the expiration of his term of imprisonment for larceny, he was detained by virtue of the above order of recommittal.

After the filing of the petition in this case, the following order was made, and the following warrant, under the seal of the Commonwealth, was issued thereon:

" Commonwealth of Massachusetts.

" Council Chamber, Boston, March 2, 1883.

" Whereas notice has been received by the Governor and Council that Samuel Kennedy, a convict in the state prison, who was granted a conditional pardon on the eighteenth day of July, A. D. 1877, has violated the condition of his pardon; and

whereas, upon examination of the case by the Governor and Council, it appears by evidence that the conditions of said pardon have been violated by said Samuel Kennedy: it is hereby ordered, that the Governor do remand said convict to be confined in said state prison, at hard labor, during the unexpired term of his sentence.

"Adopted.    Henry B. Peirce, Secretary."

"The Commonwealth of Massachusetts.    To all persons to whom these presents shall come, greeting.    Whereas, on the eighteenth day of July, A. D. 1877, a pardon or remission of punishment was granted to Samuel Kennedy, who had been sentenced to be confined in the state prison for the term of his natural life, and said pardon or remission of punishment was granted, on condition that, if before the expiration of said sentence he be convicted of any crime punishable by imprisonment, he shall serve the remainder thereof; and whereas it appears by evidence that the said Samuel Kennedy has violated the condition of his pardon or remission of punishment: we do hereby order that the said Samuel Kennedy be remanded to said state prison, and there be confined for the unexpired term of his sentence herein first referred to, under and according to the said sentence: of which all our judges, justices, magistrates and officers of every denomination, especially the warden of said state prison, are to take notice.

"Witness, his Excellency, Benjamin F. Butler, our Governor, with the advice of our Council, and our seal hereunto affixed, at Boston, this second day of March, in the year of our Lord one thousand eight hundred and eighty-three, and of the independence of the United States of America the one hundred and seventh.

"By his Excellency the Governor, with the advice of the Council.

"Henry B. Peirce,

Secretary of the Commonwealth."

*G. F. Williams*, for the petitioner.

*E. J. Sherman*, Attorney General, & *H. N. Shepard*, Assistant Attorney General, *contra*.

DEVENS, J.    The statutory provisions, the consideration of which is here invoked, are found in the Pub. Sts. c. 218, §§ 12–14.

Briefly summarized, they provide that the Governor, with the advice of the Council, may, in all cases where a pardon is authorized, grant it, upon such conditions, with such restrictions, and under such limitations as he deems proper, and issue his warrant to carry the same into effect. When a convict is pardoned on conditions to be observed by him, which are violated, the warden of the state prison, or keeper of the jail or house of correction where he was confined, "shall forthwith cause him to be arrested and detained until the case can be examined by the Governor and Council; and the officer making the arrest shall forthwith give notice·thereof in writing to the Governor and Council." Upon receiving such notice, the Governor and Council are to examine the case, "and, if it appears by his own admission or by evidence that he has violated the conditions of his pardon, the Governor with the advice of the Council shall order the convict to be remanded and confined for the unexpired term of his sentence," the time between the conditional pardon and subsequent arrest not being taken to be part of the term of his sentence. If it appears that he has not violated the conditions of his pardon, he is to be discharged.

The power of pardoning offences, as conferred on the executive authority by the Constitution of the Commonwealth, is exceedingly comprehensive, extending to all offences except those of conviction by the Senate upon impeachment. It is only limited in its exercise by the provision that pardons shall not be granted before conviction. *Perkins* v. *Stevens*, 24 Pick. 277. This power includes that of mitigating the sentence, as by diminishing its duration where imprisonment has been ordered, or by commutation, so that a milder punishment is inflicted. It includes also the right to grant conditional pardons, either to take effect upon the performance of some precedent condition, or to become void by a failure to comply with some subsequent condition. This power is not derived from legislation, and it is quite clear that, under any pretence of regulating its exercise, the executive authority could not be deprived of its constitutional rights in relation thereto, but provision may be made by legislation, which shall render the exercise of such a power convenient and efficient. As there is danger that a conditional pardon may become an absolute one from a difficulty in enforcing its

condition by resorting to an execution of the original sentence, legislation may properly provide for some appropriate proceeding to guard against such a contingency. A condition that, if the prisoner should commit an infamous crime during the term for which he was sentenced to be imprisoned, and it should be so determined by the executive authority, he should suffer the remainder of his term of imprisonment, would be a condition of such a character that the prisoner should be bound thereby. A statute authorizing in such case an order from the executive authority enables it to give effect to the condition imposed. The theory of the statute manifestly is that the remanding a convict to prison by the Executive (and not by the judicial department, as under the Gen. Sts. c. 177, §§ 13–16) is nothing more than a remanding to the imprisonment from which he had been released, although it is now provided that the time between the conditional pardon and the subsequent arrest is not to be taken as a part of the term of the sentence. *West's case*, 111 Mass. 443. The effect of this last provision need not now be discussed, as the petitioner, from the nature of the sentence imposed upon him, it being imprisonment for life, has had the full benefit of the time which elapsed between the conditional pardon and his subsequent detention, and has been remanded only for so much of his sentence as remains unexpired. He received his pardon under legislation which authorized him to be thus remanded by the executive authority, and it was one of the conditions upon which he accepted it.

The contention of the petitioner is, that the act and the proceedings had thereunder are in violation of his rights, as they subject him to an infamous punishment without trial by jury. But he is tried for no new offence, nor is he subjected to any new punishment. The suggestion that the old sentence is vacated by the pardon, which he founds on the language of the Pub. Sts. c. 218, § 12, that the Governor's "warrant shall be obeyed and executed, instead of the sentence originally awarded," is not sound. The only meaning of the language is that the warrant is to operate, so far as it extends, as a modification of the sentence. Section 14 of the same chapter, in providing for a remand of the convict, treats the original sentence as continuing to exist.

The St. of 1837, *c*. 181, § 3, upon which the petitioner lays much stress, as showing that he has a right to trial by jury, is distinguishable from the present legislation in a most important particular. That statute made the breach of the condition of a pardon a distinct offence, imposed a penalty therefor, and thus entitled the prisoner to a trial by jury. On conviction of a violation of the condition of his pardon, the prisoner was not only to be remanded for the unexpired term of his former sentence, but to be sentenced for a further period of time, not exceeding one half his original sentence. But the present legislation does not treat the breach of a condition in a pardon as a legal offence to be punished as such. Nor is the present case analogous to that arising under the Rev. Sts. *c*. 144, §§ 34, 35, where a penalty was imposed for a second sentence to the state prison. As this penalty was imposed by a new and additional sentence, the prisoner was entitled to a trial by jury upon his plea, which put in issue the question whether he had been convicted of a second offence. The pardoning power is not exhausted when a conditional pardon is granted. The pardon was an act of grace, which the executive authority reserved to itself the right of withdrawing, upon being satisfied that its clemency was abused, but no penalty was therefore visited upon the recipient. Nor is this power limited or abridged, as the petitioner contends, by that statutory provision which states that the Governor and Council shall, if satisfied of the violation of the conditions of the pardon, " order the convict to be remanded and confined for the unexpired term of his sentence." This language must be construed in connection with the fully recognized fact that the authority to pardon is still with the Governor and Council. These words express the limit of their power, which is completely to execute the sentence, but the convict may be remanded for any time less than this, if it be deemed proper to remit a portion of the remainder of the sentence.

While at common law, where proceedings are necessary for a recommitment of a convict who has broken the condition of a pardon, or where such a person has been, without warrant, seized and detained, and has sought to be released upon habeas corpus, the judicial tribunals have investigated and decided whether there was such breach, as preliminary to their action, *r*e do not

find that it has ever been held that recommitment may not be made by executive order, or that the question whether the condition of a pardon has been broken is one solely judicial. *Rex* v. *Miller*, 1 Leach, 74. *Rex* v. *Rogers*, 3 Burr. 1809. *Rex* v. *Madan*, 1 Leach, 223. Because, in such cases, the courts are in the exercise of their appropriate judicial functions, it by no means follows that the executive authority may not be invested with the right to remand the prisoner, and to withdraw the pardon on account of the breach of its condition.

Two orders have been made by the Governor and Council, of which the latter only need be considered, as it is upon that that the prisoner is now held. It is contended that these proceedings were irregular, even if the statutory provisions are constitutional. There does not appear to have been any notice to the convict, or order for him to appear. While this is not in terms provided for by the statute, it is argued that there should have been a hearing or trial before the Governor and Council, at which the petitioner had a right to be present. Such is not the proceeding contemplated, but an inquest upon "the case of such convict," to be conducted by the executive authority, to which the pardoning power is entrusted, that shall enable it to determine whether the conditional pardon shall be withdrawn. It is to act upon the admission of the party or evidence, when satisfied by either, and its investigation has none of the characteristics of a trial.

The record of the Governor and Council shows that, upon examination of the case, it appeared by evidence that the petitioner had violated the condition of his pardon, and the order remands him for imprisonment during the unexpired term of his sentence. How far this record is to be deemed conclusive upon the judicial tribunals, the power exercised, as it seems to us, being within the legal and constitutional authority of the Governor and Council, the case, as it appears upon the facts, affords us little occasion to consider. Undoubtedly the petitioner might be permitted to prove, upon a petition like the present, that he was not the Samuel Kennedy who had been once convicted, and who had received the conditional pardon. This would be to show a case of mistaken identity, that the executive order made had no relation to him, and thus that he was wrongly imprisoned thereunder. But it is shown by the report of the case that he is the identical

Samuel Kennedy who had been pardoned conditionally. It is further shown that he had violated the condition of his pardon, in having subsequently been convicted of a crime punishable by imprisonment. Even if, therefore, upon the latter inquiry, the determination of the Governor and Council could be judicially reviewed, which we do not mean to decide, it clearly appears to have been correct. *Petition dismissed.*