[No. 6665.   Decided October 8, 1907.]

EDWARD SPENCER, *Appellant,* v. A. FRANK KEES, *Superintendent of the State Penitentiary, Respondent.*[1]

PARDONS—CONDITIONS — AUTHORITY OF GOVERNOR — REVOCATION— STATUTES—CONSTRUCTION. Under Bal. Code, § 6997, authorizing conditional pardons to be granted by the governor, on such limitations as he may think proper, the provision that he may "issue his warrant to carry into effect such pardon," is not limited to the issuance of the warrant granting the pardon, but reposes power in the governor to issue a warrant revoking a pardon which expressly provides that violation of its conditions shall cause its revocation, in the absence of any other statutory provision for determining when the conditions are violated.

SAME—HABEAS CORPUS—MODE OF TRIAL. If a prisoner, rearrested after release on a conditional pardon, is entitled to trial in *habeas corpus* proceedings to determine whether he has violated the conditions of the pardon, he cannot complain if he is awarded a trial before the court and the burden of proof is placed on the state.

SAME—BREACH OF CONDITIONS—EVIDENCE—SUFFICIENCY. A prisoner who is pardoned upon condition that he should be placed under the care and surveillance of Dr. B., and that he should remain with and be supported by his relatives as long as he lives, is shown to have violated the conditions of the pardon where he remained with his relatives only a few days, was permitted to support himself, was married, visited houses of prostitution and frequently became intoxicated (RUDKIN, DUNBAR, and FULLERTON, JJ., dissenting).

Appeal from an order of the superior court for Walla Walla county, Brents, J., entered June 27, 1906, refusing to discharge a prisoner on habeas corpus proceedings.   Affirmed.

*John H. Pedigo* and *Garrecht & Dunphy,* for appellant.

*The Attorney General* and *E. C. Macdonald, Assistant, Otto W. Rupp,* and *Lester F. Wilson,* for respondent.

[1]Reported in 91 Pac. 963.

MOUNT, J.—This appeal is from an order in *habeas corpus,* refusing to discharge the appellant from prison. On June 4, 1903, the appellant, having been convicted of murder in the second degree, was sentenced by the superior court for Spokane county to imprisonment in the penitentiary for the term of thirteen years. He was thereupon incarcerated in the penitentiary. On May 8, 1905, the governor granted a conditional pardon which, after reciting the facts above stated, is as follows:

"Whereas, it has been represented to me by Dr. Yancy C. Blalock, physician at the said penitentiary, that the said Edward Spencer is an invalid, is failing in health, and cannot live, which statement is endorsed by Hon. Jesse T. Mills, chairman of the state board of control, who also recommends the granting of executive clemency to the said Edward Spencer;

"Now, therefore, I, Albert E. Mead, governor of the state of Washington, by virtue of the authority in me vested, do hereby pardon the said Edward Spencer, on the condition and understanding that he be placed immediately under the care and surveillance of Dr. Yancy C. Blalock, who shall report immediately to the governor any violation of the conditions on which this pardon is granted, and on further condition that the relatives of the said Edward Spencer provide for and support him so long as he shall live, and that failure on their part so to do, or on the part of the said Edward Spencer to remain with them and under the surveillance of the said Dr. Yancy C. Blalock, shall cause the revocation of this pardon and the recommitment of the said Edward Spencer to the penitentiary to serve out the remainder of his term according to the sentence imposed on him by the court hereinbefore mentioned.

"And I hereby authorize the superintendent of the penitentiary to liberate the said Edward Spencer on the conditions named herein."

The terms and conditions of this pardon were accepted by Spencer, and, in pursuance thereof, he was released from the penitentiary on May 14, 1905. Thereafter, on May 16, 1906,

the governor revoked the conditional pardon by issuing under his hand and the seal of state his declaration as follows:

"To all to whom these presents shall come, Greeting:

"Whereas, on the eighth day of May, 1905, a conditional pardon was granted to Edward Spencer, a prisoner in the state penitentiary, on representations made to the governor that the said Edward Spencer was an invalid in an advanced stage of consumption, who could live but a short time; that his friends and relatives living in the county of Walla Walla stood ready to receive and care for him, and that his condition was such that it would be but an act of common humanity to permit him to leave the prison so that he might die outside of its walls; and

"Whereas, the conditions of the said conditional pardon as set forth therein were as follows, to wit: 'That he (the said Edward Spencer) be placed immediately under the care and surveillance of Dr. Yancy C. Blalock, who shall report immediately to the governor any violation of the conditions on which this pardon is granted, and on the further condition that the relatives of the said Edward Spencer provide for and support him so long as he shall live, and that failure on their part so to do, or on the part of the said Edward Spencer to remain with them and under the surveillance of the said Dr. Yancy C. Blalock shall cause the revocation of this pardon and the recommitment of the said Edward Spencer to the penitentiary to serve out the remainder of his term according to the sentence imposed on him by the court hereinbefore mentioned;' and

"Whereas, the said Edward Spencer has violated each and every one of the above mentioned conditions, thereby rendering the conditional pardon null and void:

"Now, therefore, I, Albert E. Mead, governor of the state of Washington, by virtue of the authority in me vested, do hereby revoke and cancel the conditional pardon granted to the said Edward Spencer, and by these presents do order and direct the superintendent of the state penitentiary to apprehend the said Edward Spencer and return him forthwith to the state penitentiary to serve out the remainder of his term according to the sentence imposed on him by the judge of the superior court of the state of Washington in and for the county of Spokane, on the 4th day of June, 1903."

In pursuance of this revocation of pardon, the superintendent of the penitentiary apprehended the appellant and imprisoned him in the penitentiary. Appellant thereupon applied to the superior court for Walla Walla county for a writ of *habeas corpus*, alleging his original conviction and sentence and the conditional pardon as above stated, and his release thereunder; that he had complied with all the terms thereof, and that the respondent wrongfully and without authority detains the appellant in custody. The writ was issued and, for a return thereto, the respondent alleged the revocation of the conditional pardon, for the reason that all the conditions thereof had been violated; and also alleged that the pardon was void because it was obtained by fraudulent representations. Appellant moved to strike out of the return the allegations relating to the violation of the conditions of the pardon and the allegations of fraud. This motion was overruled by the court. Appellant then denied the allegations of the return and, upon these issues, the cause was tried to the court without a jury, appellant's demand for a jury being denied. The court ruled that the burden of proof was upon the state to show that appellant had violated the terms of the pardon. After hearing the evidence the court, without making any findings of fact, denied the application for discharge, and remanded the appellant to the custody of the superintendent of the penitentiary to serve out his original sentence. This appeal is prosecuted from that order.

It is argued by counsel for appellant that the court erred in refusing to strike out the allegations in the return to the writ, to the effect that the conditions of the pardon had been violated and that the pardon was procured by fraud, for the reason that questions of this character cannot be tried on an application for *habeas corpus*. This raises the question whether the governor was authorized to issue his warrant declaring the conditional pardon void and ordering the appellant to be again taken into custody without giving the appel-

lant an opportunity to be heard.   The constitution, at § 9, art. 3, vests the pardoning power in the governor "under such regulations and restrictions as may be prescribed by law." Bal. Code, § 6997 (P. C. § 2257), provides that, in all cases in which the governor is authorized to grant pardons, he may grant a pardon under such conditions and with such restrictions and under such limitations as he may think proper, "and he may issue his warrant to all proper officers to carry into effect such pardon or commutation, which warrant shall be obeyed and executed instead of the sentence, if any, which was originally given."   No other regulations or restrictions have been prescribed by law, and no other method has been provided for determining when the conditions of a pardon have been broken.

The appellant insists that the provision that the governor may issue his warrant to carry such pardon into effect refers only to the manner of release, and was not intended to provide a method of revocation.   There would be much force in this contention if other provisions had been made for determining when conditional pardons have been violated, but there are none.   We are of the opinion, therefore, that the provision above stated reposes power in the governor, not only to effect the release, but to make conditional pardons effective.   There can be no doubt that the governor was authorized to grant the pardon upon the conditions named, or any others which were capable of being performed and which were not illegal or immoral, and when the appellant accepted the conditional pardon as given he was bound by all its provisions.   If the pardon had been unconditional, the release under it would have been final and the governor and the courts would have been without power to again enforce imprisonment under the original sentence.   But this was a conditional pardon, such as the governor had power to impose.   He granted it as a matter of grace and not of duty.   He did not intend to completely exonerate the appellant or to release him from the force and

effect of the sentence, but expressly provided that a failure to comply with the conditions "shall cause the revocation of this pardon and the recommitment of the said Edward Spencer to the penitentiary to serve out the remainder of his term according to the sentence." This language manifests a plain intention on the part of the governor to himself maintain control over the pardon and to revoke the same upon failure of the conditions. If the provision that the governor may issue his warrant to carry the pardon into effect refers only to the release of the convict, as contended by the appellant, then the control of a conditional pardon passes from the governor immediately upon release of the prisoner. We think such result was not intended by the language used. This result, of course, follows from unconditional pardons, because in such case the release is conclusive; there is no more to be done. But in case of a conditional pardon the enforcement of the conditions is carrying the pardon into effect, as much so as the release. We are, therefore, of the opinion that the governor had power to enforce the performance of the conditions, and when he became satisfied that the conditions of the pardon were being violated, he was authorized to issue his warrant revoking the pardon under the express terms of the pardon and under the statute.

In *Woodward v. Murdock*, 124 Ind. 439, 24 N. E. 1047, the court said:

"As we have already said, the governor had authority to grant the parole, but as he did it as a matter of grace, and not as a duty, it was his right to impose such conditions as he saw proper, and when the appellant accepted it he, by implication, as well as agreement, did so subject to all of its terms and conditions. We have examined the following authorities cited by the attorney general, and find them pertinent; *Ex Parte Wells*, 18 How. 307; *United States v. Wilson*, 7 Pet. 149; cases cited on page 481 of 6 Crim. Law Mag.; *State v. Smith*, 1 Bailey Law (S. C.) 283, 19 Am. Dec. 679; *Ex Parte Lockhart*, 1 Disney (Ohio) 105; *State v. Fuller*, 1 McCord (S. C.) 178; *Flavell's Case*, 8 Watts & S. 197;

*Arthur v. Craig*, 48 Iowa 264. Under the circumstances the appellant was at large merely at the will of the governor. The governor had it in his power to order the appellant to prison at any time."

See, also, *Turner v. Wilson*, 49 Ind. 581; *Kennedy's Case*, 135 Mass. 48; *Ex Parte Marks*, 64 Cal. 29, 28 Pac. 109, 49 Am. Rep. 684; *Ex Parte Hawkins*, 61 Ark. 321, 33 S. W. 106, 54 Am. St. 209; *Commonwealth v. Halloway*, 44 Pa. St. 210, 84 Am. Dec. 431.

If the appellant was entitled to a trial upon the allegation that he had violated the conditions of the pardon, the court granted that right to him in this proceeding and placed the burden upon the state to show that appellant had violated the terms of the pardon. It has been held that this may be done in cases of this kind. *Ex Parte Brady*, 70 Ark. 376, 68 S. W. 34; *Alvarez v. State*, 50 Fla. 24, 39 South. 481, 111 Am. St. 102; 6 Current Law 876.

Appellant also alleges that the court erred in receiving certain evidence. The cause is heard *de novo* here upon the facts, and we shall therefore not consider evidence which we think is not proper. We find no evidence that the pardon was obtained by fraud. But we are satisfied that the judgment of the court is supported by reason of the breach of the conditions of the pardon. The conditions were, that the appellant should be placed under the care and surveillance of Dr. Blalock; that his relatives should provide for and support him so long as he should live, and that appellant should remain with his relatives. The evidence conclusively shows that appellant did not remain with his relatives more than two or three days, and that appellant's relatives neither provided for him nor supported him; but that appellant was permitted to support and provide for himself, and was married, shortly before his arrest by order of the governor. The evidence also shows that he frequented houses of prostitution and saloons and often became intoxicated. It is true the evidence of these last-named facts was objected to, but we think they served

to show that appellant was not under the surveillance of Dr. Blalock. We think the trial court upon these facts properly found that the conditions of the pardon had been violated.

The order refusing a discharge was therefore correct, and is affirmed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.

RUDKIN, DUNBAR, and FULLERTON, JJ. (dissenting)—We are of opinion that the respondent failed to show any violation of the conditions upon which the pardon was granted, and therefore dissent.