## KAVALIN v. WHITE, Warden.
### No. 356.

Circuit Court of Appeals, Tenth Circuit.
Oct. 13, 1930.

G. K. Kavalin, pro se.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for habeas corpus.

The petitioner was tried and convicted in the United States District Court for the District of Oregon upon Counts 2 and 3 of an indictment, which charged violations of sections 398 and 399, title 18, U. S. Code (18 USCA §§ 398, 399), respectively.

Count 2 of such indictment charged:

"That George Kavalin * * * and Jim Gavolis * * * on or about the 7th day of October, 1910, at Eureka, in the State of California, did knowingly, unlawfully and feloniously aid and assist in procuring and obtaining two tickets entitling the said Sadie Craig and Anna Craig to transportation via the steamship Geo. W. Elder, from Eureka, in the State of California, to Portland, in the State of Oregon, and to be used by the said Sadie Craig and Anna Craig in going from the said Eureka, California, to the said Portland, Oregon, and with the intent of each of them the said George Kavalin * * * and Jim Gavolis * * * to debauch the said women, Sadie Craig and Anna Craig, and each of them, and to induce and entice each of the said women to give herself up to the practice of prostitution and debauchery, and by means of said tickets which the defendants so knowingly, unlawfully and feloniously aided and assisted in procuring and obtaining as aforesaid, and with the unlawful and felonious intent and purpose of the said defendants and each of them aforesaid, the said Sadie Craig and Anna Craig were transported from Eureka, in the State of California, to the said Portland, in the State of Oregon."

Count 3 of such indictment charged:

"That the said George Kavalin * * * and Jim Gavolis * * * on or about the 7th day of October, 1910, at Eureka, in the State of California, did knowingly, unlawfully and feloniously persuade, induce and entice two women, to-wit: Sadie Craig and Anna Craig to go from one place to another in interstate commerce, to-wit: From the said Eureka, in the State of California, to Portland, in the State of Oregon, with the intent and purpose on the part of the said George Kavalin * * * and Jim Gavolis * * * that the said Sadie Craig and Anna Craig and each of them should engage in the practice of prostitution and debauchery, and that the said Sadie Craig and Anna Craig and each of them should engage in illicit sexual intercourse with the defendants, and in promiscuous and illicit sexual intercourse with men other than the defendants, and the said defendants, George Kavalin * * * and Jim Gavolis * * * did thereby knowingly, unlawfully and feloniously and with the intent and purpose aforesaid, cause the said Sadie Craig and Anna Craig to go and to be carried and transported as passengers upon the steamship George W. Elder from the said Eureka, in the State of California, to the said Portland, in the State of Oregon, the said steamship George W. Elder, being then and there engaged as a common carrier of freight and passengers by water in interstate commerce between the said Eureka, in the State of California, and the said Portland, in the State of Oregon."

On November 21, 1910, petitioner was sentenced to imprisonment for five years on Count 2 and to three years on Count 3, such sentences to run consecutively.

On April 2, 1914, petitioner was given a pardon, conditioned that he be deported from the United States and that he not return thereto. Thereafter, such pardon was revoked for a breach of the conditions thereof and petitioner was again taken into custody and reconfined in the United States penitentiary at Leavenworth, Kansas.

Petitioner contends that the counts of the indictment, upon which he was convicted and sentenced, charged but a single offense, the maximum punishment for which is five years imprisonment; that the sentence of three years on Count 3 was excessive and void; that he has served the legal portion of the sentence imposed upon him; and that he is entitled to be discharged.

Section 398, supra, makes it unlawful for any person knowingly to aid or assist in procuring any tickets to be used by any woman or girl in interstate commerce in going to any place for the purpose of prostitution or debauchery, whereby any such woman or girl shall be transported in interstate commerce.

Section 399, supra, makes it unlawful for any person to persuade, induce or entice any woman or girl to go from one place to another in interstate commerce with the intent and purpose of such person that such woman or girl should engage in the practice of prostitution or debauchery, and thereby knowingly to cause such woman or girl to go and to be carried as a passenger upon the line or route of a common carrier in interstate commerce.

Count 2 is predicated upon section 398, supra, and Count 3 upon section 399, supra. Such counts clearly charge separate and distinct offenses, the maximum punishment for each of which is a fine of $5,000 and imprisonment for five years. It follows that the sentence imposed was not excessive.

■ Petitioner further contends that the condition annexed to such pardon was illegal and that the pardon was absolute.

■ The power to grant a pardon includes the lesser power to grant a conditional pardon. The condition may be either precedent or subsequent. Ex parte Wells, 18 How. 307, 309, 315, 15 L. Ed. 421; United States v. Wilson, 7 Pet. 150, 8 L. Ed. 640.

■ The condition imposed may be of any nature, so long as it is not illegal, immoral or impossible of performance. United States v. Six Lots of Ground, 27 Fed. Cas. page 1097, No. 16,299; Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L. R. A. 502, 82 Am. St. Rep. 1; Ex parte Marks, 64 Cal. 29, 28 P. 109, 49 Am. Rep. 684; In re Prout, 12 Idaho, 494, 86 P. 275, 5 L. R. A. (N. S.) 1064, 10 Ann. Cas. 199; In re Kennedy, 135 Mass. 48; Ex parte Houghton, 49 Or. 232, 89 P. 801, 9 L. R. A. (N. S.) 737, 13 Ann. Cas. 1101; Spencer v. Kees, 47 Wash. 276, 91 P. 963.

■ The condition that the person pardoned shall depart from and remain without the state is not illegal. Ex parte Hawkins, 61 Ark. 321, 33 S. W. 106, 30 L. R. A. 736, 54 Am. St. Rep. 209; Ex parte Marks, supra; State v. Wolfer, 53 Minn. 135, 54 N. W. 1065, 19 L. R. A. 783, 39 Am. St. Rep. 582; People v. Potter, 1 Edm. Sel. Cas. (N. Y.) 235, 1 Parker Cr. R. 47.

There is nothing in the petition or the record to show that the pardon was not revoked for proper cause, either in a judicial proceeding or by an executive proceeding in accordance with the terms of the pardon.

It follows that petitioner is lawfully imprisoned and that the petition was properly denied.

The appeal is dismissed.