## Commonwealth v. Gardocki

*Victor J. Roberts*, assistant district attorney, for Commonwealth.

*Leonard A. Talone*, for defendant.

KNIGHT, P. J., February 10, 1939. — Defendant was convicted of assault and battery. On June 10, 1938, the court suspended sentence and placed defendant on probation for the period of one year, upon two conditions: (1) That he pay the costs of prosecution within 30 days; and (2) that he enter his own bond in the sum of $1,000, conditioned that he keep the peace as to all people, and especially toward his son, Richard A. Gardocki.

On October 7, 1938, defendant was again convicted of aggravated assault and battery on his brother, which assault occurred after he had given the above bond to keep the peace. On October 14, 1938, defendant was brought into court for violation of probation and, after a hearing, was remanded to the county prison to serve the balance of the probationary term.

On November 1, 1938, the district attorney filed a petition, asking for a rule on defendant to show cause why the above-mentioned bond should not be forfeited. The rule was allowed and an answer filed, which raised the sole question of the authority of the court to require such a bond in an assault and battery case.

The Act of June 19, 1911, P. L. 1055, as amended by the Act of May 7, 1925, P. L. 554, provides, inter alia, that the court shall have the power to suspend the imposing of sentence, and place defendant on probation for a definite period, on such terms and conditions as it may deem right and proper.

We have been unable to find a case on all fours with the case at bar, but in Commonwealth v. Dickerson, 24 Del. Co. 123 (1933), the court paroled defendants, imposing as conditions that they should be disabled for seven years from voting or holding any public office, conditions more drastic than that imposed upon defendant here. Placing a defendant upon probation upon certain conditions is somewhat analogous to granting a pardon upon conditions, and such pardons have been upheld: Flavell's Case, 8 W. & S. 197 (1844); Ex parte Wells, 59 U. S. 307 (1855).

In the instant case, defendant, through his counsel, asked for a suspended sentence, and he accepted the suspended sentence, with the condition imposed, by giving the bond.

In Ex parte Wells, supra, the court said, at page 315, that "the power to offer a condition, without ability to enforce its acceptance, when accepted by the convict, is the substitution, by himself, of a lesser punishment than the law has imposed upon him, and he cannot complain if the law executes the choice he has made."

Assuming that the court in the instant case had no power to exact a bond from defendant as a condition of a suspended sentence, defendant did not have to accept the condition; having accepted it, and complied with it, he cannot now complain that it is being enforced. Defendant gave his bond, conditioned that he would keep the peace, and has been convicted of the same offense, assault and battery, as that for which he was given a suspended sentence. He violated the essential condition of his obligation.

We are therefore of the opinion that the requirement to give a bond was a proper condition authorized by the Act of 1911, supra, and that defendant, having accepted the suspended sentence under the condition, and having given the bond, cannot now complain against its enforcement.

Defendant has been in prison since October 14, 1938, and still has some months to serve.

Taking this into consideration, we are of the opinion that he should not be required to pay the full amount of the bond, hence the following order:

And now, February 10, 1939, the rule is made absolute, and the bond forfeited.

If defendant within three months from this date shall pay the sum of $250, the forfeiture will be lifted, and any judgment obtained on the bond satisfied.