Ex parte WOODROW COMBS.

No. A-11036.    July 7, 1948.

(195 P. 2d 772.)

Woodrow Combs, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original proceeding filed in this court by the petitioner, Woodrow Combs, to secure his release from the State Penitentiary at McAlester, Okla. The verified petition alleges, in substance, as follows, to wit: that on the 6th day of December, 1933, in the then Third Judicial District, Honorable Enloe V. Vernor, Judge, presiding, the petitioner pleaded guilty to larceny of an automobile and was sentenced to serve a term of five years in the State Reformatory at Granite, Okla. Said sentence was thereupon suspended during good behavior of the petitioner herein. Subsequent thereto by legislative action the numerical designation of the district court within and for Muskogee county was changed from the Third Judicial District to the Eighth Judicial District, and the Honorable O. H. P. Brewer had succeeded to the office of district judge for the district court within and for Muskogee county. On September 30, 1937, there was presented to the Honorable O. H. P. Brewer sitting as judge of the district court in and for the Eighth Judicial District for Muskogee county, Okla.,

an application for revocation of the suspended sentence imposed against the petitioner herein on December 6, 1933. Said revocation was requested upon the grounds that petitioner, Woodrow Combs, had written numerous "hot checks" upon his father. Witnesses were sworn and examined in open court and an order was made and entered setting aside the order suspending the sentence of Woodrow Combs, and directing that the petitioner be committed to the State Penitentiary at McAlester for a term of five years from September 30, 1937. At the time of the revocation petitioner was 24 years of age.

Upon said verified petition this court issued a rule to show cause. The respondent C. P. Burford responded, in substance, to the effect that the petitioner was being held under and by virtue of the commitment, judgment and sentence by the district court of Muskogee county, Okla., on a plea of guilty to the crime of larceny of an automobile and upon which plea he was sentenced to serve a term of five years in the State Reformatory at Granite, Okla., which said sentence was suspended. Thereafter, as alleged in petitioner's petition, on September 30, 1937, the suspended sentence was revoked and changing the place of imprisonment to the State Penitentiary at McAlester, Okla. Petitioner commenced the service of his sentence on October 14, 1937. On December 21, 1938, he was granted a parole by E. W. Marland, then Governor, which said parole was revoked and the petitioner re-committed to the State Penitentiary on September 14, 1946, to complete the service of his unexpired term of five years. That by reason of said facts the petitioner was not being unlawfully detained. It is well to note that at this time the petitioner had attained the age of 35 years.

In the brief supporting the petition for writ of habeas corpus, it appears that after petitioner was granted a parole by E. W. Marland nothing transpired until September 14, 1946; that at that time the defendant was arrested in California and returned to Arizona for giving a bad check. Thereupon his parole was revoked in Oklahoma and he was held for the authorities of the Oklahoma State Penitentiary. It further appears that thereafter, on October 11, 1947, he was returned from the Arizona State Penitentiary to the Oklahoma State Penitentiary to complete the service of the balance of the sentence of five years, where he is now being detained.

Petitioner urges that the original sentence was in the Third Judicial District and the revocation was in the Eighth Judicial District, and that therefore the court was without jurisdiction to pronounce the revocation and contends that the court was without jurisdiction to sentence him to McAlester, Okla., under the provisions of § 992, Title 22, O. S. A. 1941, providing upon revocation of a judgment and sentence the convict "shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced", that by reason of said provision he should have been re-committed to the reformatory at Granite.

In relation to the petitioner's contention that he was originally sentenced by Judge Enloe V. Vernor from the Third Judicial District Court sitting in and for Muskogee County, Okla., and that his revocation was before Honorable O. H. P. Brewer sitting in and for the Eighth Judicial District Court of Muskogee County, Okla., the same is wholly without merit. Jurisdiction of the district court is determined not by means of numerical designation or in terms of the personality occupying the

office of judge of said court, but is determined by venue, the place where the offense was committed; by whether or not the court has jurisdiction of the subject matter as defined by the Legislature; jurisdiction of the person of the defendant; and by whether or not the court had authority under the law to pronounce the judgment and sentence rendered. Here the alleged automobile larceny occurred in Muskogee county, Okla., where the numerical designation of the district court at said time was that of the Third Judicial District. Subsequent thereto the Legislature changed the numerical designation of the district of which Muskogee county was a component part to that of the Eighth Judicial District. At the time the original sentence was pronounced the personality occupying the Third Judicial District office of judge was then Judge Enloe V. Vernor. When another numerical designation was given to said district (that of the Eighth) a new and different personality occupied said bench in the person of Honorable O. H. P. Brewer, but the court was still the district court in and for Muskogee county. The venue remained the same, the charge remained the same, the defendant was the same, and being present in person when the matter was considered for revocation, the said district court in and for Muskogee county had authority to revoke the said suspended sentence. Jurisdiction to revoke a suspended sentence cannot be defeated by a change in the personnel of the court by fortunes of an election, by death or by removal, or by the necessity for a legislative change in the composition and numerical designation of the judicial district. If that were true justice would often be denied the state by a mere turn of the wheel of fortune. The law must be clothed with greater stability. It is therefore apparent that the technical changes relied on by petitioner to defeat jurisdiction in the case at bar, such

as a different numerical designation by the Legislature of a district court, or change in the personnel of the court, will not defeat jurisdiction and the petitioner's contentions relative to the lack of jurisdiction of the Eighth Judicial District to revoke the suspended sentence are wholly without merit.

In relation to the petitioner's next contention to the effect that the district court was without authority to commit him to McAlester, and instead he should have been re-committed to Granite upon the revocation of said suspended sentence, we must call attention to the fact that at the time the original judgment and sentence was pronounced the petitioner was then 20 years of age. It is also pertinent to call attention to the fact that at the time of the revocation of said suspended sentence the petitioner was then 24 years of age and his suspended sentence was revoked for what appeared to the court to be additional violations of law. It is also well to again observe that at the time he was re-committed to McAlester on October 11, 1947, after having attained the classification of being a repeat violator, he was then 35 years of age.

In construing the foregoing provision of § 992, Title 22, O. S. A. 1941, the language therein used must be construed in connection with the other statutes bearing upon the court's determination of the place of confinement, and, if possible, all of such statutes must be construed together as was said in Ex parte Neighbors, 85 Okla. Cr. 183, 187 P. 2d 276, 279. In the Neighbors case we also said:

"Title 57 O. S. A. § 105 thus makes it clear that the legislature intended the penitentiary to be the place of confinement of *'confirmed criminals or persons who have theretofore seen convicted of a felony and served a term*

*in any penitentiary either state or federal,' * * *"* (Italics
ours.)

The said Neighbors case further held that under the
provisions of Title 57, O. S. A. 1941, § 281:

"* * * It is clear that the legislative purpose in es-
tablishing the reformatory was to provide a place of con-
finement for persons between the ages of 16 and 25
years, and whose sentence was not in excess of five years.
But, whether a person whose sentence does not exceed
five years is sent to the reformatory or the penitentiary
is a matter within the sentencing court's discretion. How-
ever, all persons between the ages of 16 and 25 years
who are sentenced by the court to the reformatory may
not be permitted to serve their sentence there, for § 281
provides:

" 'All persons between the ages of sixteen and twen-
ty-five heretofore convicted of any crime * * * shall be
confined at either the Oklahoma State Reformatory or
the State Penitentiary in the discretion of the State
Board of Public Affairs.' "

In commenting upon the latter provision in the Neigh-
bors case, we said:

"It is apparent that the latter provision was intend-
ed to empower the State Board of Public Affairs to ef-
fect the legislative intent as to the segregation of con-
firmed criminals, repeat violators, hardened criminals
from first offenders, and persons whose crimes fall with-
in the category of penitentiary cases as defined in Title
57 O. S. A. § 105."

It is therefore apparent that in the Neighbors case
construing the sections of the statutes therein involved,
an attempt was made to harmonize said sections of the
statutes with reference to legislative intent as applied
both to the court's sentencing power and the transfer-
ring power of the State Board of Public Affairs. The

same objective as to harmony can be attained herein. In the Neighbors case we held that neither the courts nor the Board of Affairs are permitted to act arbitrarily, maliciously, or capriciously in effecting a change in the place of confinement. Therein we also said that the designation of the place of confinement is an administrative and not a judicial act. Moreover, we held that the Legislature has full authority to provide prisons, and to determine where prisoners may be sent; and the courts have no discretion as to the place to which criminals may be sentenced except as the Legislature gives it. In the case at bar, were the petitioner still of the age of 20 years, under the circumstances herein involved (the petitioner's revocation not being based upon a conviction) in revoking the suspended sentence, the court would have no other alternative than to re-commit the petitioner to the reformatory to Granite. However, if the petitioner had been 25 years of age or had placed himself within the classification of being a repeat violator, in harmonizing the provisions of § 992, Title 22, O. S. A. 1941, with the other provisions of the statutes relative to the place of confinement it would not have been an abuse of judicial discretion upon the revocation of petitioner's suspended sentence to commit him to the penitentiary at McAlester, Okla. We are of the belief that Judge O. H. P. Brewer believed the petitioner had placed himself in the position of a repeat violator and that his place of confinement therefore should be changed to the penitentiary at McAlester. The trial judge was apparently attempting to harmonize § 992, Title 22, O. S. A. 1941, with the other statutes relative to the place of custody and confinement of one convicted of crime. It is not necessary for the court now to pass on that exercise of judgment by the trial court, for certainly, under the present state of facts herein involved,

the petitioner being a repeat violator at the age of 35 years and now being confined upon a revocation of his parole, he would not be entitled to be re-committed to the reformatory at Granite under the provisions of § 992, Title 22, O. S. A. 1941. After having attained the classification of a repeat violator under the authority of the statutes and the Neighbors case, supra, the Board of Affairs would have to transfer the petitioner to the penitentiary at McAlester. Under the circumstances herein involved, this court will consider done that which should be done, especially where what is being done is in conformity with the statutes. It would be a vain gesture to sustain this petition returning petitioner to the reformatory at Granite, that the transfer might now be effected back to McAlester by the Board of Affairs, because of the changed status of the petitioner from first offender under 25 years of age to that of a repeat violator 35 years of age. The sensible thing to do is to sustain the present custody, if the place of present confinement is in conformity to the plain provisions of the statutes. We hold that it is. Since the present place of custody and confinement is within the classification prescribed by the statutes, this court will not disturb the same. It appearing from the petition and the facts herein involved that the place of custody and place of confinement of petitioner is according to law, and the contentions of the petitioner are without merit, the petition for writ of habeas corpus is therefore accordingly denied.

BAREFOOT, P. J., and JONES, J., concur.