**Billy Jack WINGFIELD, Petitioner,**

v.

**Ray PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. A–14028.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1966.

Billy Jack Wingfield, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original action in habeas corpus, instituted by the petitioner Billy Jack Wingfield, #65376, for the purpose of securing his release from confinement in the state penitentiary.

The verified petition alleges that on June 6, 1961 the petitioner was sentenced by the district court of Tulsa County, Oklahoma, on a plea of guilty to a charge of burglary, second degree, to serve a term of five years in the state penitentiary.

The petition shows the following: That petitioner entered the penitentiary on June 10, 1961, and on December 7, 1962 he was granted a parole "to a Federal detainer". He was delivered to the United States Marshal and transported to Muskogee, Oklahoma. Defendant was there sentenced to serve a term of three years in the Federal penitentiary at Leavenworth, Kansas, and was duly transported to such prison. Petitioner states that his discharge from the Federal institution was "by maximum expiration on the 9th day of December, 1963, without supervision."

Petitioner was under the impression that no further obligation was due the State of Oklahoma, and made no effort to establish himself as a parolee.

Petitioner immediately returned to the State of Oklahoma, and thereafter on August 25, 1964 was arrested in Oklahoma County, charged with the crime of attempted burglary, second degree. He entered a plea of guilty to the charge. On September 21, 1964 he was sentenced to three years in the Oklahoma State Penitentiary. Petitioner served that sentence, and his penitentiary records reflect his release on that charge to have been May 12, 1966. At that time he was re-billed into the penitentiary to serve the balance of his former five-year sentence, which initially commenced on June 10, 1961. He was termed a parole violator insofar as his parole was revoked on October 11, 1965, after he re-entered the penitentiary on the Oklahoma County conviction.

To the petition the Attorney General has filed a demurrer, and petitioner, pro se, has filed a reply to the demurrer.

Petitioner contends that his surrender to the United States Marshal unquestionably indicated an intention on the part of the State to waive further jurisdiction over him with respect to the June, 1961 sentence.

With this contention we can not agree. Section 10, Article 6 of the State Constitution in part provides:

"The Governor shall have power to grant, after conviction, reprieves, commutations, paroles and pardons for all offenses except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law."

The authority of the Governor to release a convict undergoing sentence is found only in the foregoing section of the Constitution. The power to grant pardons and paroles carries with it the power to make a conditional pardon or parole. It is generally said that the Governor in the exercise of his power may impose conditions which are not illegal, immoral or impossible of performance. (Ex parte Guy, 41 Okl.Cr. 1, 369 P. 782, and cases cited.)

The Pardon and Parole Board on November 20, 1962, advised the Governor in the following words: "In view of the good institutional record and work reports, it is the recommendation of your Pardon and Parole Board that Wingfield be granted *a parole to a Federal Retainer*". [Emphasis supplied.]

The Governor issued a parole to this petitioner on December 4, 1962, subject to "all the regulations or special rules or conditions and rules *appearing on the face and back hereof,* and of any other regular or special rules or conditions * * *." [Emphasis supplied.]

On the reverse side of the parole form is listed eleven specific rules, following by a paragraph of "INSTRUCTIONS". Included in those rules and conditions are provisions covering such things as the parolee's report to his parole officer, when, how, etc.; rules concerning his association with others; and Rule 8 which specifically provides: "I understand that I am to remain on Parole until such time as my Parole

is revoked or I may be granted a pardon by the Governor of the State of Oklahoma."

Included in the paragraph "Instructions", appears the following: "\* \* \* I further understand that the continuation of my parole depends entirely on my conduct, and that I must be an upright and law abiding citizen \* \* \*."

There is no doubt whatever that the petitioner violated the terms of his parole in several instances; and more specifically when he was convicted of a felony in Oklahoma County on September 21, 1964, at which time his parole was still in effect.

Tit. 57 O.S.A. § 332.14 provides:

"Upon the revocation by the Governor of a parole, the same shall automatically cancel all accumulated credits for work and good behavior and the same shall not thereafter be restored except by recommendation of the Classification Committee and written order of the Warden of the penal institution where the former parolee is incarcerated."

■ In Ex parte McCollum, 90 Okl.Cr. 153, 212 P.2d 161, this Court said:

"Furthermore, it has been uniformly held by this court that where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed."

Citing Ex parte Hill, 86 Okl.Cr. 318, 192 P.2d 849; Ex parte Edwards, 88 Okl.Cr. 433, 204 P.2d 547; Ex parte Eldridge, 3 Okl.Cr. 499, 106 P. 980, 27 L.R.A.,N.S., 625, 139 Am.St.Rep. 967.

■ Since the petitioner herein had not served the term imposed upon him on June 6, 1961, it is our opinion that the petitioner is now engaged in serving a lawful sentence, the jurisdiction to the imposition of which is not questioned. We have repeatedly held that where the petition for habeas corpus and the facts involved disclose the custody and place of confinement of the petitioner are according to law, the writ of habeas corpus will be denied. Ex parte Hampton, 87 Okl.Cr. 416, 198 P.2d

751; Ex parte Combs, 87 Okl.Cr. 164, 195 P.2d 772, 773.

For the reasons above stated, the petition for writ or habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.