

**Decided. September 18, 1981**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

COMMONWEALTH OF THE NORTHERN )     CRIMINAL CASE NO. 81-77
MARIANA ISLANDS,                 )
                                 )
                  Plaintiff,)
                                 )            ORDER
      vs.                        )
                                 )     Re: Jurisdiction of Court
ROSA T. DELEON GUERRERO,         )
                                 )
                  Defendant.)
_____)

On September 15, 1981, defendant's motion contesting this
court's jurisdiction to entertain the government's motion to revoke
defendant's probation was heard.

This written order is issued to further explain and delineate
the reasoning for the decision stated in open court.

On July 5, 1977 an information was filed in the Trial Division
of the High Court of the Trust Territory which charged Rosa T.
Deleon Guerrero with various crimes including embezzlement.

In April, 1978, the High Court sentenced the defendant to five
years in jail for embezzlement but suspended all five years on
certain conditions.  One condition was that the defendant was to
make restitution to the victim in the minimum amount of $50.00 a
month.

Nothing further transpired in the case until the Attorney
General's office for the Commonwealth filed the within proceeding
to revoke the defendant's probation because of her failure to make
restitution as ordered.

The defendant raised the issue of jurisdiction and argues
that this court can not enforce or enter further orders on the High
Court Order of April of 1978.

191

Some history is needed to explain the status of the relationship of the two courts as they pertain to this matter.

Department of Interior Secretarial Order 2989 was issued, effective April 1, 1976.. Essentially, this Order separated the Northern Marianas District from the rest of the Trust Territory for administrative and legislative matters. Part IV of the order provided that the laws of the Trust Territory and other local laws in effect on April 1, 1976 would remain the laws of the Northern Marianas until altered or repealed by the Northern Marianas. Legislature. All civil and criminal proceedings in which the Trust Territory was a party remained unaffected except that criminal proceedings after April 1, 1976 would be brought in the name of the Government of the Northern Mariana Islands.

Part XII of the Order provided:

Judicial Authority.

    Until a judiciary is established for the Northern
Mariana Islands in accordance with the Covenant,
the judicial authority of the Government of the
Northern Mariana Islands shall remain vested in
the High Court of the Trust Territory and such
other courts as may be established pursuant to law.

On January 9, 1978 the Constitution of the Commonwealth of the Northern Mariana Islands become effective. That document recites, in the Schedule on Transitional Matters, Section 4:

Section 4:  Continuity of Judicial Matters.

    As of the effective date of the Constitution
the Marianas District Court of the Government
of the Northern Mariana Islands shall become
the Commonwealth Trial Court and the judges
serving on the Marianas District Court shall
be judges of the Commonwealth Trial Court serving
at the pleasure of the governor until the governor
appoints judges of the Commonwealth Trial Court
under article IV, Section 4, of the Constitution.
Civil and criminal matters pending before the
Marianas District Court on the effective date
of the Constitution shall become matters pending
before the Commonwealth Trial Court.  Civil and
criminal matters pending before the High Court
of the Trust Territory of the Pacific Islands

on the effective date of the Constitution that involve matters within the jurisdiction of the Commonwealth Trial Court of (sic) the United States District Court for the Northern Mariana Islands shall remain within the jurisdiction of the High Court until finally decided.

Thus, the High Court properly proceeded to hear the case of the defendant, and impose sentence after the January 9, 1978 date because the information had been filed in the High Court prior to January 9, 1978.

It is specifically found that once the High Court imposed sentence upon the defendant in April of 1978, the matter was finally decided. Berman v. United States 302 U.S. 211, 58 S.Ct. 164, 82 L.ed. 204 (1937).

It is further found that the High Court no longer has enforcement powers (as perhaps contrasted with modification powers in some cases) in the Commonwealth. Sablan v. Sablan 8 TTR (App. Div. October, 1980; Civil Appeal No. 331); Part XII, Secretarial Order 2989.

The police of the Commonwealth who would carry out any order of commitment and the Commonwealth's penal facilities which would detain any criminal defendant are no longer an adjunct or part of the T.T. justice system. They are part and parcel of the Commonwealth's justice system and any order of commitment (the bottom line of any revocation of probation) must be issued by a court which is part of the justice system.

Several theories can be advanced for this court's jurisdiction at this point such as enlargement of jurisdiction by intendment, 21 CJS page 40, or the inherent powers of the court.

Basically, once a new court is created which supplements the former, there is a transfer by operation of law either expressly or impliedly.

In reading the documents referred to above, the drafters were not that clear on the post-judgment enforcement transfers, however, it is clear that by implication, the court(s) established in the Commonwealth would assume jurisdiction over the cases such as the one presented here. 22 CJS page 412; 24 CJS page 898: Ex Parte Combs 195 P2d 772 (Okla).

Consequently it is held that this court has jurisdiction to hear the motion to revoke probation and, if necessary, to so revoke it and issue any commitment order based thereon.

The motion of defendant is denied.

Dated at Saipan, CM this 18th day of September, 1981.

Robert A. Hefner, Chief Judge