Honorable Richard D. Lamm Governor 136 State Capitol Building Denver, Colorado 80203
Dear Governor Lamm:
This is in response to an August 8, 1983 letter which inquired whether or not the Governor could grant pardons to foreign nationals conditioned upon such individuals permanently leaving the United States.
QUESTIONS PRESENTED AND CONCLUSIONS
Your letter presents the following questions:
1. Does the power to pardon include the power to pardon conditionally?
My conclusion is "yes."
2. Is permanent removal of a foreign national from the United States a permissible condition?
 My conclusion is "no." The State of Colorado may not unilaterally exclude a foreign national from the United States.
ANALYSIS
1. The Governor's power to grant pardons is established by article IV, section 7 of the state constitution. While Colorado provides neither statutory nor constitutional authority specifically sanctioning conditional pardons, the power to pardon unconditionally necessarily includes the power to pardon conditionally. E.g., Fleenor v. Hammond,116 F.2d 982 (6th Cir. 1941); Kavalin v. White, 44 F.2d 49
(10th Cir. 1930); Vanilla v. Moran, 188 Misc. 325,67 N.Y.S.2d 833 (1947), aff'd 298 N.Y. 796, 83 N.E.2d 696
(1949); State ex rel. Gordon v. Zangerle, 136 Ohio St. 371,26 N.E.2d 190 (1940); Wingfield v. Page, 419 P.2d 564
(Okla.Crim. 1966). To deny the executive authority "the flexibility to devise such conditions would result in the unnecessary denial of clemency petitions which might well be favorably acted upon but for the fact that the appropriate conditions could not be attached." Hoffa v. Saxbe,373 F. Supp. 1221, 1234 (D.D.C. 1974).
2. Generally the conditions of a pardon may consist of any terms which are not illegal, immoral, or impossible to perform.E.g., Kavalin v. White, supra. A condition that a convict remain outside the territory of the pardoning authority is valid. Kavalin v. White,supra; In re Hawkins, 61 Ark. 321,33 S.W. 106 (1885); Mansell v. Turner, 14 Utah 2d 352,384 P.2d 394 (1963). However, a serious question arises where a state seeks to effect conditions which would exclude a pardoned convict not only from its own territory, but from the territory of each of the other forty-nine states as well. I conclude that such conditions would intrude into an area exclusively reserved to the United States government.
Extensive federal legislation has been enacted concerning aliens, naturalization, immigration, and deportation. See8 U.S.C. 67; 1-1434. While this legislation does not preempt every state measure affecting aliens, "the authority to control immigration — to admit or exclude aliens — is vested solely in the Federal Government." Truax v. Raich,239 U.S. 33, 42 (1915). Accord: DeCanas v. Bica,424 U.S. 351 (1976); Skafte v. Rorex, 191 Colo. 399,553 P.2d 830 (1976). See also Toll v. Moreno,102 S.Ct. 2977 (1982); Hines v. Davidowitz, 312 U.S. 52
(1941); Tayyari v. New Mexico State University,495 F. Supp. 1365 (D.N.M. 1980). Accordingly, the removal or deportation of individuals from the United States is exclusively a federal matter. United States ex rel. Hudakv. Uhl, 20 F. Supp. 928 (N.D.N.Y. 1937), aff'd96 F.2d 1023 (1938). See also Plyler v. Doe,457 U.S. 202 (1982) (state cannot determine that any particular illegal alien will, in fact, be removed prior to completion of federal deportation proceedings). This is, in part, because the treatment of aliens or foreign nationals is closely related to the foreign policy of the United States and involves considerations beyond the authority of any state government.See Hines v. Davidowitz, supra;Tayyarri v. New Mexico State University,supra. See also United States v.Pink, 315 U.S. 203 (1942) (power over external affairs vested in federal government is not shared by states);United States v. Curtis-Wright Export Corp., 299 U.S. 304
(1936) (exclusive federal power over foreign affairs).
Mere agreement between a convicted foreign national and the Governor of Colorado regarding a conditional pardon could not, by itself, effect the convict's removal from the United States. Such a removal would necessitate arrangements with a foreign government which Colorado would have no authority to effect. Removal of a foreign national from the United States requires approval of both federal authorities and the government of the country to which he would be removed. See 8 U.S.C. § 1253(a) (Supp. 1983). Unless expressly limited by treaty, foreign governments have an absolute right to refuse to receive a particular individual. Id. United States ex rel.Hudak v. Uhl, supra. And, even if a foreign power unilaterally declared its willingness to receive a pardoned convict, public policy mandates that the removal of any such individual be controlled by the federal government. See8 U.S.C. § 1253(a) (Supp. 1983) (Attorney General of the United States may preclude removal of any alien to a particular country if, in his discretion, he "concludes that deportation to such country would be prejudicial to the interests of the United States.")
On the basis of the foregoing authorities, I conclude that Colorado may not unilaterally pardon an individual with the expectation that he will be removed from the United States.[1]
SUMMARY
The power to pardon absolutely includes the power to pardon conditionally. However, removal of a foreign national from the United States is not a permissible condition of a pardon because such a condition would intrude upon the federal government's exclusive authority to determine when foreign nationals should be removed and which countries should receive them.
Very truly yours,
 DUANE WOODARD Attorney General
PARDONS EXECUTIVE BRANCH GOVERNOR FEDERAL PREEMPTION IMMIGRATION
8 U.S.C. § 1253(a) (Supp. 1983)
Colo. Const. art. IV, § 7
GOVERNOR, OFFICE OF
The power to pardon absolutely includes the power to pardon conditionally. However, removal of a foreign national from the United States is not a permissible condition of a pardon because such a condition would intrude upon the federal government's exclusive authority to determine when foreign nationals should be removed and which countries should receive them.
[1] I do not reach the question of whether the pardoning power may be used in conjunction with and subject to the deportation authority of the federal government as set forth in 8 U.S.C. § 1251-1254.