## *In re* WHALEN.

*(Supreme Court, General Term, First Department.　June 29, 1892.)*

1. COMMUTATION OF SENTENCE—CONSTITUTIONAL LAW.

Laws 1886, c. 21, § 14, declares that the governor shall, in commuting the sentences of convicts as provided for in this act, annex a condition to the effect that if any convict so commuted shall, during the period between the date of his discharge, by reason of such commutation, and the date of the expiration of the full term for which he was sentenced, be convicted of any felony, he shall, in addition to the penalty imposed for such felony, be compelled to serve the remainder of the term commuted. *Held*, that this section is not in conflict with section 5, art. 4, Const. 1846, providing that the governor shall have power to grant commutations upon such conditions, and with such restrictions and limitations, as he may think proper, subject to such regulations as may be provided by law.

2. SAME—CONDITIONS.

In *habeas corpus* proceeding it appeared that the governor had granted petitioner a conditional commutation under the act of 1886, passed after petitioner's conviction, and that he had violated the conditions. *Held*, that the conditions of such commutation were not void because annexed under the act of 1886, as Const. 1846, § 5, art. 4, and acts in force prior to petitioner's conviction, authorized the governor to impose conditions.

Appeal from special term, New York county.

Petition by James J. Whalen for writs of *habeas corpus* and *certiorari*, and application for discharge from custody of A. A. Brush, warden of Sing Sing prison. From an order dismissing the writ of *habeas corpus* the petitioner appeals. Affirmed.

The following is the opinion by Mr. Justice LAWRENCE, dismissing the writ:

"It was decided by Mr. Justice EDMONDS in the case of *People* v. *Potter*, 1 Parker, Crim. R. 47, that the power conferred on the executive, by the constitution of 1821, to grant pardons, included the power of granting a conditional pardon, and that on a breach of the condition the pardon became

void, and the criminal might be remanded on his original sentence; also that such power could be exercised by the court in which the party was convicted, or by any court of superior criminal jurisdiction. With this decision before me, it is unnecessary for me to trace the power of the executive to grant conditional pardons back to colonial law, and the constitution of 1777, by which the common law relating to that subject became merged in the constitution. By the constitution of 1846, if any doubt upon the subject as to the right of the governor to grant a conditional pardon could have theretofore existed, such doubt was removed. By section 5 of article 4 of that instrument, it is provided that 'the governor shall have the power to grant reprieves, commutations, and pardons, after conviction, for all offenses, except treason and cases of impeachment, upon such conditions, and with such restrictions ·and' limitations, as he may think proper, subject to such regulations as may be provided by law, relative to the manner of applying for pardons.' The acts· of 1862, c. 417; 1863, c. 415; 1864, c. 321; 1874, c. 451; 1879, c. 373; and 1886, c. 21,—were passed merely to carry out this provision of the constitution of 1846. As I stated to counsel upon the argument, a justice of this· court, sitting at chambers, will never pronounce an act of the legislature un-·' constitutional, unless its alleged conflict with the organic law is so apparent. as to be seen at a glance. In this case, so far from any such conflict between· the statute and the constitution being apparent, it seems to me that the act. and the constitution are perfectly harmonious, and that the position assumed. by the counsel for the petitioner is untenable. Even if there were any such. conflict, the act must give way to the provision of the constitution, which expressly vests the governor of the state with power to grant a conditional pardon, and it appears from the papers submitted to me that the petitioner in· this case accepted the commutation which he received under his first conviction, under the condition 'that, if during the period between the date of his· discharge by reason of such commutation and the date of the expiration of the full term for which he was sentenced, he should be convicted of any felony, he should, in addition to the penalty which might be imposed for such: felony committed in the interval aforesaid, be compelled to serve in the prison or penitentiary in which he may be confined, for the felony for which he was· so convicted, the remainder of the term, without commutation, which he would have been compelled to serve but for this commutation of his sentence.' The prisoner having received his conditional pardon or commutation of sentence under those terms, and the governor having exercised the power conferred upon him by article 4, section 5, of the constitution heretofore referred to, in granting such commutation, the petitioner cannot now seek to repudiate that condition, and ask to be discharged from imprisonment. The facts, in this case are without dispute, and it is shown that the prisoner, under the name of James Randolph, was sentenced to Sing Sing prison on the 30th of June, 1882, and was there received July 1, 1882, having been sentenced to serve a term of seven years at hard labor by Judge GILDERSLEEVE in the court of general sessions of the county of New York, for the crime of robbery in the first degree. He was discharged from prison on the 31st of March,. 1887, his term of imprisonment having been commuted by the governor of the state for good behavior to four years and nine months, thereby making a. reduction of his original sentence of two years and three months; such discharge, as already stated, having been granted upon the condition above recited. Prior to the expiration of the seven years of his original term of' sentence, and on the 19th of December,. 1888, he was again convicted and sentenced in the court of general sessions by Judge COWING to serve a term of two years in the Sing Sing prison for the crime of burglary in the third degree, and was received at the prison December 21, 1888. The two-years term under the latter sentence has expired, and thereupon, under the conditions of the pardon or commutation granted by the governor, he became lia--

ble to serve the remaining two years and three months of the unexpired portion of the term for which he was sentenced under his original conviction. Without enlarging further upon the subject, I am, therefore, of the opinion that the return made by the warden and agent of Sing Sing prison shows that the petitioner is now lawfully detained by him, under the judgment of a court of competent jurisdiction, and that, therefore, the writs heretofore granted should be dismissed, and the prisoner remanded."

Argued before VAN BRUNT, P. J., O'BRIEN and PATTERSON, JJ.

F. J. Keller, for appellant.  S. W. Rosendale, Atty. Gen., and J. W. Hogan, Dep. Atty. Gen., for respondent.

VAN BRUNT, P. J.  The appellant was sentenced to the state's prison on the 30th of June, 1882, for a term of seven years; and on the 31st of March, 1887, having earned two years' and three months' commutation of sentence for his good conduct, the governor commuted his sentence, annexing a condition to the effect that if, during the period between the date of his discharge by reason of such commutation and the date of the expiration of the full term for which he was sentenced, the prisoner should be convicted of any felony, he should, in addition to the penalty which should be imposed for said felony, be compelled to serve in the state prison or penitentiary in which he may be confined, for the felony for which he was so convicted, the remainder of the term without commutation, which he would have been compelled to serve but for the commutation of his sentence.  On the 19th of December, 1888, the prisoner was again convicted and sentenced for the term of two years to state prison for the crime of burglary in the third degree, which time would expire without commutation on the 21st of December, 1890.  The defendant was not discharged at that time, it being claimed that he, having been resentenced for a new offense within the period of two years and three months from his said commutation, must serve during said term of two years and three months, in addition to the new sentence of two years, as prescribed by Laws 1886, c. 21, § 14.[1]  A writ of habeas corpus was thereupon sued out, which was dismissed by the court below, and from the order thereupon entered this appeal is taken.

It might not be at all necessary to add anything to the very satisfactory opinion rendered by the court below, were it not for the claim of the appellant that one of the questions involved in this appeal was not touched upon. It is claimed that two questions are involved:  First, is the law of 1886 constitutional? and, secondly, if so, does it apply to the present case?  It is admitted that the judge below passed upon the constitutionality of the law. But it is urged that he did not pass upon the question of its application to the present case.  Upon this point, therefore, it may be necessary to say a few words.  It appears, upon an examination of the statutes, that in 1862 the system of commutation was inaugurated in this state, and that it was provided that every convict confined in any state prison or penitentiary in the state, under sentence on conviction for felony, might earn for himself a commutation or diminution of the term of his sentence; and the governor might thereupon, in his discretion, direct the abatement or deduction of the term of sentence of said convict of the number of days of commutation or

---

[1] Laws 1886, c. 21, § 14: "The governor shall, in commuting the sentences of convicts as provided for in this act, annex a condition to the effect that, if any convict so commuted shall, during the period between the date of his or her discharge, by reason of such commutation, and the date of the expiration of the full term for which he or she was sentenced, be convicted of any felony, he or she shall, in addition to the penalty which may be imposed for such felony committed in the interval aforesaid, be compelled to serve in the prison or penitentiary, in which he or she may be confined, for the felony for which he or she is so convicted, the remainder of the term, without commutation, which he or she would have been compelled to serve but for the commutation of his or her sentence, as provided for in this act."

diminution thereof which said convict should have earned. In 1863 an act was passed which was substantially a re-enactment, except that it extended the time of commutation, the discretionary power remaining in the executive, as before. In 1864 a more liberal provision for prisoner's good conduct was made, the discretionary power still vested in the governor, and so on down to the time of the prisoner's conviction and sentence. Then, in 1886, after the prisoner had entered upon the service of the first term, and prior to the time of his discharge under said sentence, the act was passed under which the governor commuted the sentence in question. It is to be observed that, under the acts prior to the act of 1886, it was entirely discretionary with the governor whether he should or should not act upon the recommendation of commutation; and therefore the prisoner had no vested right in his commutation at the time of the passage of the law of 1886. It is conceded, and not necessary to discuss that question here, that the governor, in the exercise of his pardoning power, has the right to affix any terms to the pardon which he may see fit; and therefore if, under the previous acts, the governor had attached the condition in the exercise of his pardoning power, which he did exercise, to the commutation of the petitioner, it would have been entirely authorized and within his discretion. Now, the petitioner having no vested right in this commutation, if he is not satisfied with the condition upon which it is granted, need not accept it. By the act of 1886 he was not deprived of anything to which he had been previously entitled, only it was, perhaps, made more obligatory upon the governor to act than had been the case by the previous legislation. Now, if the legislature had no power to call upon the governor to act under these circumstances, in the commutation of this sentence, then the result would be that, if the governor did not act, the prisoner could not have been discharged, and if the governor did act it is conceded he had a right to impose such conditions as he might see fit. Assuming the law of 1886 to be unconstitutional and inapplicable to the petitioner's case, then the governor would be acting under the previous laws, where the discretion rested absolutely with him whether he would commute the sentence or not, and, such being the case, he had a right to impose such conditions as he might see fit. Irrespective of the act of 1886, the power of the governor to commute or pardon was unlimited, and the provisions of the act in question were no restriction upon that power; and, if the governor assumed to act in pursuance of the provisions contained in that act, it was a matter entirely within his own volition, and not at all compulsory upon him. Therefore it is apparent that the petitioner had no vested right in anything, and the act of 1886 took nothing away from him, and did nothing in any respect to curtail the constitutional powers of the executive. It is difficult to see, therefore, how the petitioner has suffered any wrong; and the order appealed from should be affirmed, with costs. All concur.