OQUENDO, PETICIONARIO Y APELANTE, Y EL PUEBLO DE PUERTO RICO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en un recurso de *habeas corpus.*

No. 2111.—Resuelto en enero 18, 1924.

INDULTO CONDICIONAL REVOCADO—*Habeas Corpus.*—Habiendo aceptado el prisionero en este caso un indulto del Gobernador bajo condición de ser preso otra vez si resultara, después de investigación adecuada, que ha dejado de cumplir la condición de observar buena conducta y de observar estrictamente las leyes, y expresándose en la orden del Gobernador por la cual se le arrestó nuevamente, que resultó a su satisfacción, después de investigación adecuada, que había infringido la condición que le fué impuesta, el prisionero no tiene derecho a que se haga una investigación judicial de si efectivamente faltó

o no a la condición dicha ni tenía que ser probado en el procedimiento de *habeas corpus* instado que el Gobernador practicó una investigación, ni cuál fué el resultado de ella.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. E. Benedicto.*

Abogados del apelado: *Sres. José E. Figueras, Fiscal,* y *C. Llauger.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El Gobernador de Puerto Rico perdonó a Justino Oquendo, conocido por Agripino, la prisión que estaba sufriendo por condena, con la condición de que observara buena conducta y cumpliera estrictamente con las leyes, pues si resultara, después de la investigación adecuada, que había faltado a esa condición el perdón sería anulado y sería preso para cumplir el resto de su condena.

Pocos días después el Gobernador anuló ese perdón y Oquendo ingresó nuevamente en la cárcel de donde salió en libertad por un procedimiento de *habeas corpus* porque no se decía en la orden del Gobernador que Oquendo había infringido la condición del perdón; pero el mismo día fué preso nuevamente por otra orden del Gobernador y entonces presentó en la Corte de Distrito de San Juan, Primer Distrito, solicitud de *habeas corpus* para que se le pusiera en libertad, alegando que estaba detenido ilegalmente porque ha cumplido la condición del perdón y porque su nuevo arresto se decretó simplemente por creer el Gobernador que el peticionario debía ser enviado otra vez a la cárcel.

Después de la vista de esa petición la corte de distrito la declaró sin lugar y Oquendo estableció este recurso de apelación.

De la prueba obrante en los autos resulta que la segunda orden del Gobernador revocando el perdón y disponiendo el arresto de Oquendo, que motivó la petición de *habeas corpus* que es objeto de esta apelación, se funda en que, después

de investigación adecuada, resultó a satisfacción del Gobernador que Oquendo había infringido la condición del perdón que le concedió.

Si bien es cierto que aceptado por el preso un indulto condicional es irrevocable en tanto él cumpla con sus condiciones (*Alvarez* v. *State,* 50 Florida 24; 111 American State Reports 102; 39 Southern 481; 7 American and English Ann. Cas. 88) también lo es que cuando en el indulto condicional se prescribe expresamente que la autoridad que lo otorga puede anularlo por incumplimiento de la condición, sin la celebración de una audiencia, o al resolver sobre los hechos, *ex parte,* el delincuente no tiene derecho a una audiencia si la autoridad que indulta ha anulado el mismo por incumplimiento de la condición; conclusiones que descansan en el hecho o teoría de que al aceptar el convicto el indulto convino en que podría ser anulado sin necesidad de una audiencia. (Nota al caso de *Ex parte Patterson,* L. R. A.; 1915 F., pág. 545.)

Habiendo aceptado el apelante el indulto sujeto a ser preso otra vez si resultara, después de investigación adecuada que ha dejado de cumplir la condición de observar buena conducta y de observar estrictamente las leyes, sin reconocérsele derecho a audiencia, y expresándose en la orden del Gobernador que resultó a su satisfacción, después de investigación adecuada, que había infringido la condición que le fué impuesta, no tiene derecho a que se haga una investigación judicial de si efectivamente faltó o no a la condición dicha ni tenía que ser probado en este procedimiento que el Gobernador practicó una investigación ni cuál fué el resultado de ella.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.