THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO ALBIZU CAMPOS, Defendant and Appellant.

No. 15766. Argued July 16, 1954.—Decided January 28, 1955.

844

F. *Hernández Vargas* for appellant. *José Trías Monge, Attorney General, Rafael L. Ydrach Yordán and Jaime García Blanco, Fiscal and Special Fiscal of the Supreme Court, for appellees.*

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Pedro Albizu Campos was tried, convicted, and sentenced for several violations of the laws of Puerto Rico.[1] In the case at bar he was sentenced on March 16, 1951, to serve from 7 to 15 years' imprisonment in the penitentiary. He timely

---

[1] The various violations of law are recited in the proclamation of pardon granted to him by the Governor of Puerto Rico, which proclamation is hereinafter copied in the text of the opinion.

appealed to this Court [2] from said judgment, as well as from the others rendered against him.

On February 15, 1954, the *Fiscal* of this Court filed a motion to dismiss the appeal, on the basis that it was "in a complete state of abandonment because of defendant's manifest negligence." Appellant objected, contending that he had taken "all the corresponding steps to perfect his appeal, including the payment of the transcript of evidence and the motions for extension of time" for the stenographer-reporter; [3] that he had not furthered the perfection of his appeal because he had been pardoned by the Governor; that the latter had "ordered his absolute release, which pardon was granted by the Governor without it having been requested and against the express will of the appellant", stating that he was ready to perfect his appeal if it were held that he was bound to do so. He moved this Court, in view of the foregoing, to take judicial notice of the pardon, "to construe the same and determine its scope and effects; and consequently, to decide whether appellant is bound to perfect his appeal in the case at bar, as well as in the others; should the former be held, to deny the motion of dismissal filed by the *Fiscal* and to grant appellant reasonable time to perfect his appeal in the instant case; with any other pertinent pronouncement."

The *Fiscal*, in his brief, maintains that there is no need to construe the pardon granted in order to decide his motion to dismiss, and still less need to determine its scope and effect, since the only question for determination here is whether or not appellant has shown diligence in the furtherance of his appeal. This notwithstanding, he grants that if appellant submits a certified copy of said proclamation of pardon, the question of "the effects of the pardon granted to Pedro Albizu

---

[2] Several of said appeals were perfected. Today we delivered an opinion on the merits of the questions raised therein.

[3] In the certificate which the *Fiscal* of this Court attached to his motion to dismiss, in order to prove the state of abandonment of this appeal, the clerk of the trial court sets forth as the only operative factor of abandonment, the phrase "Because the extension granted has expired."

Campos in connection with his appeal" would come in issue and adds, "That, and no other, is the sole question for determination." Then he contends that said pardon is conditional and not absolute.

Appellant, on the other hand, contends in his brief that the fundamental question involved herein is whether the pardon is total and absolute, in which case he was not bound to perfect his appeal, and consequently, the dismissal of the appeal for abandonment would not lie. Then he urges that the pardon is total and absolute and that the condition contained therein is but a general duty of every citizen not to violate the law; that said pardon cannot be revoked under any circumstances, without a previous determination by a court as to "whether (the appellant) violated Act No. 53 [of June 10, 1948 as amended] or whether he kept within its margin." He ends by praying for dismissal of all the causes for which he was granted a pardon. Appellant restates this petition in writing to the Court, subsequent to the hearing of the motion in question.

We agree with appellant that, if the pardon hereinafter copied is total and absolute, then the dismissal for abandonment should be denied. This is so, irrespective of whether or not said dismissal lay by virtue of the pardon.[4] Therefore, let us now pass to consider the question in issue.

The proclamation by virtue of which appellant was pardoned, copied verbatim reads:

"To whom it may concern:

"WHEREAS, Pedro Albizu Campos was convicted and sentenced in the Superior Court of San Juan, Puerto Rico, San Juan Part, in 1951 for several offenses in cases No. F–2796 (Assault to Commit Murder); M–6336 (Violation of Section 12—Act No. 67 of May 13, 1934, as amended); M–6341 (Non-registration of Firearms); M–6338 (Non-registration of Firearms); M–6340 (Non-registration of Firearms); M–6337

---

[4] We need not consider here whether the acceptance of a total pardon operates as a waiver of the right to appeal. See, on this particular, the Annotation in 87 L. ed. 1229–1234.

.(Violation of Section 11—Act No. 67 of May 13, 1934, as amended); F–2795 (Violation of Act No. 53 of June 10, 1948, as amended), part of said sentences not being yet served;

"WHEREAS, in view of the poor health and advanced age of the prisoner, I consider this case as fit for the exercise of executive grace;

"THEREFORE, I, LUIS MUÑOZ MARÍN, Governor of the Commonwealth of Puerto Rico, by virtue of the authority vested in me by the Constitution of Puerto Rico, do hereby grant unto him, the said Pedro Albizu Campos, a pardon of the offenses of which he was convicted, relieving him from serving the rest of the sentences in the afore-mentioned cases and restoring to him all his civil rights and prerogatives under the Constitution of the Commonwealth of Puerto Rico, all the foregoing being subject to the condition of a summary revocation of this pardon should Pedro Albizu Campos attempt or plot against the public order, intending to subvert by violence or terror, the existing constitutional order established and disregard the will of the People of Puerto Rico democratically expressed by its vote.

"Should this pardon be revoked, Pedro Albizu Campos may file in the courts of the country a petition for Habeas Corpus to question the determination of nonperformance on his part of the condition annexed herein.

"Nothing in this proclamation shall be construed as a limitation of the freedom of speech of Pedro Albizu Campos, if he so desires, to struggle, through constitutional and democratic means, for the independence of Puerto Rico, or for any other causes which interest him.

"In witness whereof, I have affixed my signature and the Great Seal of the Commonwealth of Puerto Rico hereunto, in the city of San Juan, on this date, September 30, 1953.

(Sgd.) LUIS MUÑOZ MARÍN,<br>
Governor".

A pardon is an act of executive clemency, an act of grace. *United States* v. *Wilson*, 7 Pet. 150, 8 L. Ed. 840; *Ex parte Wells*, 18 How. 307, 15 L. Ed. 421. The exercise of said power flows from the fundamental law of the State,[5] *Emanuelli* v. *District Court*, 74 P.R.R. 506, 513, and may be

---

[5] Article IV, § 4 of the Constitution of the Commonwealth of Puerto Rico.

exercised granting a total and absolute pardon or with a condition annexed thereto, *United States* v. *Wilson, supra; Ex parte Wells, supra; United States* v. *Klein,* 13 Wall. 128, 20 L. Ed. 519; *Semmes* v. *United States,* 91 U. S. 21, 23 L. Ed. 193; *Downs* v. *Porrata,* 76 P.R.R. 572, the executive being generally subject only to the limitation that the conditions imposed must not be illegal, immoral, or impossible of performance. *State* v. *Yates,* 111 S. E. 337; *Re Convicts,* 51 Atl. 10; *Re De Palo,* 144 Atl. 678. The acceptance of a conditional pardon carries with it the acceptance of the conditions on which, by its terms, it is granted. *Ex parte Davenport,* 7 S. W. 2d 589; 60 A.L.R. 1403. When a condition precedent is attached to a pardon, said condition must be performed, within the term fixed therein or within a reasonable time, if not stipulated, for the pardon to become operative, *Ex parte* Marks, 64 Cal. 29, 28 Pac. 109. When a condition subsequent is annexed thereto, the pardon becomes operative when accepted but if the condition on which the pardon depends is not performed, the pardon may be revoked. *Ex parte Wells, supra; Re Convicts, supra;* 60 A.L.R. 1419.

On the other hand, when the proclamation of pardon embraces an express reservation of the right of summary revocation—as here—the pardon is subject to said revocation without need of previous judicial determination as to the breach of the condition annexed. *Ex parte Davenport, supra.* See Annotation in 29 A.L.R. (2d) 1074, 1125 *et seq.* Such principle is based on the theory that upon accepting a pardon containing an express reservation of a right of summary revocation, the summary revocability thereof is accepted; and since the convict is enjoying liberty as an act of grace, his right thereto ceases when the pardon granted is revoked pursuant to its terms, until he challenges successfully the executive determination of breach of the conditions, under clear allegations that he has met them. *Fleenor* v. *Hammond* (C.A. 6) 116 F. 2d 982, 132 A.L.R. 1241. A convict, upon

accepting a pardon on the condition that he will not violate any laws of the state, is bound to comply with the conditions imposed and cannot allege that the pardon is absolute. *Ex parte Houghton* (1907), 49 Ore. 232, 89 Pac. 801.

■ An examination of the pardon granted to appellant, in the light of the principles previously set forth, leads us to conclude that this is a conditional pardon—not total or absolute—its nature being of summary revocability. Upon pardoning him "of the offenses of which he was convicted", although he was relieved of serving *the remainder of the sentences* in the causes mentioned therein, restoring to him "all his civil rights and prerogatives under the Constitution of the Commonwealth of Puerto Rico" it was all conditioned to the *summary revocation*[6] of the pardon "should Pedro Albizu Campos attempt or plot against the public order, intending to subvert by violence or terror, the existing constitutional order established and disregard the will of the People of Puerto Rico democratically expressed by its vote." This condition, although implicit in the obligation of every citizen to obey the law, was imposed on appellant precisely because he was being pardoned of the effects of similar acts—violation of Act No. 53 of June 10, 1948, as amended—which condition was not illegal, immoral, or impossible of performance. Appellant accepted the pardon under that condition.[7] The proclamation of pardon itself provided the way in which, should there be

---

[6] We take judicial notice, because it is an official act of the Executive, of the revocation of the pardon in question. No question concerning said revocation or the noncompliance with the conditions imposed therein, is involved herein. The principles set forth in the text of the opinion do not bar appellant's right to question, pursuant to the terms of the pardon, anything concerning the nonperformance of the condition annexed thereto.

[7] Although in his objection to the *Fiscal's* motion, appellant states that the pardon was issued "without it being requested and against the express will of the appellant", he did not buttress this statement with any evidence at the hearing of said motion. Aside from this, the legal doctrine is that a person who takes refuge in a pardon in order to enjoy the freedom which it grants has accepted it, for since his incarceration is lawful, he cannot allege that he accepted it whilst under duress of imprisonment. See *Ex parte Wells, supra*, 60 A.L.R. 1419.

cause for revocation according to the reservation made, the prisoner could question "the determination of nonperformance on his part of the condition annexed herein"; by filing in court a petition for Habeas Corpus. And in order to place the scope of the condition imposed in its proper sphere—precisely because he was being pardoned, among others, of a violation of the aforecited Act No. 53—and make evident, under the said condition, the meaning of the rights which he was restoring, the Governor expressly stated that nothing in the proclamation of pardon should be construed "as a limitation of the freedom of speech of Pedro Albizu Campos, if he so desires, to struggle, through constitutional and democratic means, for the independence of Puerto Rico, or for any other causes which interest him."

■■ The pardon being, as we have stated, conditional, this disposes of the questions raised by appellant based on the alleged absolute nature thereof. It remains to consider only whether, under such circumstances, we must dismiss the appeal for abandonment, as prayed by the *Fiscal*. We shall now turn to consider that point.

The rule—correctly set forth by the *Fiscal*—that an appellant who fails to perfect an appeal does so at his own risk should not produce the dismissal of his appeal if there exist attendant circumstances tending to explain the cause for abandonment with reasonable justification. In this case they exist.

For the first time this Court construes the scope of an act of executive clemency wherein the grace of pardon is granted subject to the summary revocation thereof by the Executive, if the prisoner pardoned performs specific acts which are, per se, a new violation of the law. In the absence of a legal doctrine in that sense, we do not believe that appellant should be punished for failure to perfect his appeal after being pardoned. The circumstance that, prior to his pardon, appellant perfected his appeals in several of the other causes of which he was also convicted, and that he took the necessary

steps to do likewise in the instant case, leads us to conclude that the appellant acted in good faith, although erroneously, in the belief that the pardon granted to him relieved him from furthering his appeal in the instant case.

In view of the conclusions reached, we consider that the motion to dismiss filed by the *Fiscal* must be denied, and appellant granted thirty additional days, from the date on which notice is served, to perfect the appeal herein, if he should deem it advantageous to his rights.

Mr. Chief Justice Snyder did not participate herein.

