EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO ALBIZU CAMPOS, acusado y apelante.

Número 15766.
*Sometido:* 16 de julio de 1954. *Resuelto:* 28 de enero de 1955.

F. *Hernández Vargas*, abogado del apelante; *Hon. Secretario de Justicia José Trías Monge, Rafael L. Ydrach Yordán* y *Jaime García Blanco, Fiscal y Fiscal Especial, respectivamente, Tribunal Supremo*, abogados de El Pueblo, apelado.

El Juez Asociado Señor Negrón Fernández emitió la opinión del Tribunal.

Pedro Albizu Campos fué enjuiciado, convicto y sentenciado por varias violaciones a las leyes de Puerto Rico.[1] En la causa de autos fué sentenciado el 16 de marzo de 1951 a cumplir de 7 a 15 años de presidio. De dicha sentencia, al igual que de las demás dictadas en su contra, apeló en término hábil para ante este Tribunal.[2]

El 15 de febrero de 1954 el Fiscal de este Tribunal solicitó la desestimación del presente recurso, por el fundamento de estar el mismo, "por la manifiesta negligencia del acusado, en completo estado de abandono." Se opuso el apelante, sosteniendo haber realizado "todas las gestiones y trámites correspondientes para el perfeccionamiento de su apelación, incluyendo el pago de la transcripción del récord y las peticiones de prórroga" para el taquígrafo;[3] haber suspendido sus gestiones para el perfeccionamiento de dicho recurso en razón de haber sido indultado por el Gobernador, habiendo éste "ordenado su excarcelación absoluta, cuyo Auto [de indulto] fué emitido por el Ejecutivo sin serle solicitado y contra la voluntad expresada del apelante", manifestando estar preparado para dejar perfeccionada su apelación de resolverse que a ello venía obligado. Solicitó de este Tribunal, en virtud de lo anterior, que tomara conocimiento judicial del indulto, "que interprete el mismo y determine su alcance y efectos; y en su consecuencia, resuelva si el apelante viene obligado a perfeccionar su recurso en el presente caso, como en

[1] Las distintas infracciones de ley aparecen consignadas en el documento de indulto que le fuera otorgado por el Gobernador de Puerto Rico, el cual documento se transcribe más adelante en el texto de esta opinión.

[2] Varios de dichos recursos fueron perfeccionados. En el día de hoy estamos emitiendo opinión sobre los méritos de las cuestiones en ellos planteadas.

[3] En la certificación que el Fiscal de este Tribunal acompañó a su moción de desestimación para acreditar el estado de abandono de este recurso, aparece consignado por el Secretario del tribunal sentenciador, como único hecho determinante del abandono, la frase "Por haber vencido la prórroga."

los demás; y de resolverse ello afirmativamente, que declare sin lugar la Moción de Desestimación presentada por el señor Fiscal y le conceda al compareciente tiempo suficientemente razonable para el perfeccionamiento de su recurso apelativo en este caso; con cualquier otro pronunciamiento en derecho procedente."

El Fiscal, en su informe, sostiene que no es necesario, para resolver su moción de desestimación, que se interprete el indulto, y mucho menos que se fije su alcance y efectos, ya que el único hecho a considerar aquí es si el apelante ha sido diligente o no en la tramitación de su apelación. No obstante, concede que de someterse por éste una copia certificada de dicho documento se plantearía la cuestión de "los efectos del indulto concedido a Pedro Albizu Campos con relación al recurso de apelación por él iniciado," y agrega "Ésa, y ninguna otra, es la única cuestión a resolverse". Sostiene entonces que dicho indulto es uno condicional, y no absoluto.

El apelante, por su parte, sostiene en su informe que la cuestión fundamental aquí envuelta es la de si el indulto es uno total y absoluto, en el cual caso él no venía obligado a perfeccionar la apelación interpuesta, y, en consecuencia, no procedería la desestimación del recurso por causa de abandono. Argumenta entonces que el indulto es uno total y absoluto y que lo que del mismo aparece como condición no es otra cosa que un deber general ciudadano de no violar las leyes; que bajo cualquier circunstancia no podría revocarse dicho indulto sin una determinación previa de parte de un tribunal en cuanto a "si [el apelante] violó la Ley 53 [de 10 de junio de 1948, según enmendada] o se mantuvo dentro de su margen". Termina solicitando el archivo y sobreseimiento de todas las causas por las cuales se le indultó. Esta petición la reitera el apelante en escrito sometido al Tribunal con posterioridad a la vista de la moción que nos ocupa.

Convenimos con el apelante en que de ser el indulto que se transcribe a continuación uno total y absoluto, la desestimación, por el motivo de abandono, debería declararse sin

lugar. Ello es así, independientemente de que procediera o no tal desestimación por razón de dicho indulto.(⁴) Pasemos, por lo tanto, a examinar la cuestión envuelta.

El documento por virtud del cual se indultó al apelante, transcrito literalmente, dice así:

"Sepan todos los que la presente vieren:

"POR CUANTO, ante el Tribunal Superior de San Juan de Puerto Rico, Sala de San Juan, Pedro Albizu Campos, fué convicto y sentenciado en el año 1951 por diversos delitos en los casos F-2796 (Ataque para Cometer Asesinato); M-6336 (Infr. Art. 12—Ley núm. 67 de 13 de mayo de 1934, según enmendada); M-6341 (No Registro de Armas de Fuego); M-6338 (No Registro de Armas de Fuego); M-6340 (No Registro de Armas de Fuego); M-6337 (Infr. Art. 11—Ley núm. 67 de 13 de mayo de 1934, según enmendada); F-2795 (Infr. Ley núm. 53 de 10 de junio de 1948, según enmendada), faltando aún por cumplirse parte de dichas sentencias;

"POR CUANTO, en vista del estado de salud del confinado y de su avanzada edad, considero que éste es un caso propio para el ejercicio de clemencia ejecutiva;

"POR TANTO, Yo, LUIS MUÑOZ MARÍN, Gobernador del Estado Libre Asociado de Puerto Rico, en virtud de la autoridad que me confiere la Constitución de Puerto Rico, por la presente indulto a Pedro Albizu Campos de los delitos por que fué convicto, relevándolo de cumplir el resto de las sentencias en los casos arriba mencionados y restituyéndole todos sus derechos civiles y prerrogativas bajo la Constitución del Estado Libre Asociado de Puerto Rico, condicionado todo lo anterior a la revocación sumaria de este indulto en caso de que Pedro Albizu Campos atente o conspire contra la seguridad pública, intentando subvertir por la violencia o el terror el orden constitucional establecido e irrespetar la voluntad del pueblo de Puerto Rico democráticamente expresada en las urnas.

"De revocarse sumariamente este indulto, Pedro Albizu Campos podrá acudir ante los tribunales del país, en recurso de Hábeas Corpus, a cuestionar la determinación de incumplimiento por su parte de la condición aquí impuesta.

---

(⁴) No es necesario que consideremos aquí si la aceptación de un indulto total opera como una renuncia del derecho de apelación. Véase, en cuanto a ese extremo, la monografía en 87 L. ed. 1229 a 1234.

"Nada en este documento habrá de interpretarse como limitativo de la libertad de expresión de Pedro Albizu Campos, si tal es su interés, para luchar, por medios constitucionales y democráticos, por la independencia de Puerto Rico, u otras causas que interese.

> "En Testimonio de lo cual, he firmado la presente y hecho estampar en ella el Gran Sello del Estado Libre Asociado de Puerto Rico, en la ciudad de San Juan, hoy, día 30 de septiembre de mil novecientos cincuenta y tres.
>
> (Fdo.) LUIS MUÑOZ MARÍN,
> Gobernador"

Un indulto es un acto de clemencia ejecutiva, una gracia. *United States* v. *Wilson*, 7 Pet. 150, 8 L. ed. 840; *Re Wells*, 18 How. 307, 15 L. ed. 421. El ejercicio de ese poder dimana de la ley fundamental del Estado,(⁵) *Emanuelli* v. *Tribunal de Distrito*, 74 D.P.R. 541, 548, y puede ejercitarse concediendo el indulto en forma total y absoluta, o en forma condicionada, *United States* v. *Wilson*, supra; *Re Wells*, supra; *United States* v. *Klein*, 13 Wall. 128, 20 L. ed. 519; *Semmes* v. *United States*, 91 U. S. 21, 23 L. ed. 193; *Downs* v. *Porrata*, 76 D.P.R. 611, no teniendo otra limitación el ejecutivo para imponer condiciones que la de que éstas no vayan contra la ley, la moral, o sean imposibles de cumplir. *State* v. *Yates*, 111 S. E. 337; *Re Convicts*, 51 Atl. 10; *Re De Palo*, 144 Atl. 678. La aceptación de un indulto condicional conlleva la aceptación de las condiciones impuestas en el mismo. *Ex parte Davenport*, 7 S.W.2d 589; 60 A.L.R. 1403. Cuando un indulto está sujeto al cumplimiento de una condición previa, ésta debe cumplirse, para que el indulto adquiera plenitud jurídica, dentro del término fijado en el mismo—o dentro de un término razonable si no se hubiere éste fijado, *Ex parte Marks*, 64 Cal. 29, 28 Pac. 109. Cuando está sujeto al cumplimiento de una condición subsiguiente, el indulto adquiere plenitud jurídica tan pronto es aceptado, pero estando latente

---

(⁵) Artículo IV, Sección 4 de la Constitución del Estado Libre Asociado de Puerto Rico.

la condición, el incumplimiento de ésta lo expone a la revocación. *Ex parte Wells*, supra; *Re Convicts*, supra; 60 A.L.R. 1419.

■ De otro lado, cuando el derecho a revocación sumaria se reserva—como aquí—expresamente en el indulto, éste queda sujeto a dicha revocación sin necesidad de previa determinación judicial en cuanto al incumplimiento de la obligación impuesta. *Ex parte Davenport*, supra. Véase Monografía en 29 A.L.R.2d 1074, 1125 et seq. Tal principio está basado en la teoría de que, aceptado el indulto con esa reserva, se ha aceptado la revocabilidad sumaria del mismo; y disfrutando el indultado de la libertad como un acto de gracia, su derecho a continuar en el disfrute de esa libertad cesa cuando se revoca, de acuerdo con sus términos, el perdón concedido, hasta que impugne con éxito la determinación ejecutiva del incumplimiento de la obligación, bajo alegaciones inequívocas de que ha cumplido con ellas. *Fleenor* v. *Hammond*, (C. A. 6) 116 F.2d 982, 132 A.L.R. 1241. Un convicto, al aceptar un indulto condicionado a que no viole ninguna ley del Estado, queda obligado al cumplimiento de la obligación impuesta y no puede alegar que el perdón es absoluto. *Ex parte Houghton*, (1907) 49 Ore. 232, 89 Pac. 801.

■ Un examen del indulto concedido al apelante, a la luz de los principios antes expuestos, nos lleva a concluir que se trata de un indulto condicional—no uno total o absoluto—siendo, su naturaleza, de sumaria revocabilidad. Al indultársele "de los delitos por que fué convicto", si bien se le relevó de cumplir *el resto de las sentencias* en las causas allí mencionadas, restituyéndosele "todos sus derechos civiles y prerrogativas bajo la Constitución del Estado Libre Asociado de Puerto Rico", se condicionó ello a la *revocación sumaria* (⁶)

---

(⁶) Tomamos conocimiento, por ser un acto oficial del Ejecutivo, de la revocación del indulto que nos ocupa. No está aquí envuelta cuestión alguna relativa a dicha revocación, ni al incumplimiento de las condiciones impuestas en el mismo. Los principios expuestos en el texto de la opinión en cuanto a ese extremo, no prejuzgan el derecho del apelante a cuestionar, de acuerdo con los términos del indulto, lo relativo al incumplimiento de la obligación impuesta.

del indulto "en caso de que Pedro Albizu Campos atente o conspire contra la seguridad pública, intentando subvertir por la violencia o el terror el orden constitucional establecido e irrespetar la voluntad del pueblo de Puerto Rico democráticamente expresada en las urnas". Esta condición, si bien está implícita en el deber de todo ciudadano de obedecer la ley, fué impuesta al apelante precisamente porque se le indultaba de los efectos de actos similares—violación a la Ley 53 de 10 de junio de 1948, según enmendada—condición ésta que no iba contra la ley, la moral, ni era imposible de cumplir. Con esa condición el apelante aceptó el indulto. (⁷) En el propio documento se proveyó la forma en la que, de mediar dicha revocación, según la reserva hecha, podría el indultado cuestionar "la determinación de incumplimiento por su parte de la condición aquí impuesta"; acudiendo ante los tribunales en recurso de *hábeas corpus*. Y para situar en su apropiada esfera el alcance de la condición impuesta—precisamente porque se le indultaba, entre otras, de una violación a la citada Ley 53—y hacer patente, dentro de dicha condición, el significado de los derechos que estaba restituyendo, el Gobernador hizo constar expresamente que no debería interpretarse nada en el documento "como limitativo de la libertad de expresión de Pedro Albizu Campos, si tal es su interés, para luchar por medios constitucionales y democráticos, por la independencia de Puerto Rico, u otras causas que interese".

■■ Siendo el indulto, según hemos indicado, uno condicional, ello dispone de las cuestiones que, basadas en su alegada naturaleza absoluta del mismo, planteó el apelante. Sólo resta considerar si, en tal situación, debemos desestimar la apelación según lo solicita el Fiscal, por abandono. Consideremos ese extremo.

---

(⁷) Aun cuando en su oposición a la moción del Fiscal el apelante afirma que el indulto fué emitido "sin serle solicitado y contra la voluntad expresada del apelante", no sustanció esta afirmación con prueba, en la vista de dicha moción. Aparte de esto, la doctrina de ley es que quien se ampara en un indulto para disfrutar de la libertad que el mismo le concede, lo ha aceptado, pues siendo legal su encarcelación, no puede alegar coacción por este motivo, al aceptar el mismo. Véase *Re Wells*, supra; 60 A.L.R. 1419.

La regla—correctamente expuesta por el Fiscal—de que un apelante que deja de perfeccionar una apelación lo hace a su propio riesgo, no debe producir la desestimación de su recurso si militan circunstancias que tiendan a explicar con razonable justificación, la causa del abandono. En el presente caso las hay.

Esta es la primera ocasión en que este Tribunal interpreta el alcance de un acto de clemencia ejecutiva en el que la gracia del indulto se concede sujeta a la sumaria revocabilidad del mismo por el Ejecutivo si el indultado realiza determinados actos que constituyen, de por sí, una nueva infracción de ley. En ausencia de doctrina jurisprudencial en ese sentido, no creemos que se deba penalizar al apelante por haber dejado de proseguir su apelación después del indulto. La circunstancia de que, antes de ser indultado, el apelante perfeccionó sus recursos en varias de las otras causas en las cuales también fué convicto, y de que dió los pasos adecuados en éste para igualmente hacerlo, nos llevan a concluir que el apelante, aunque equivocado, actuó de buena fe, bajo la creencia de que el indulto concedídole le relevaba de continuar tramitando su apelación en este caso.

*En vista de las conclusiones a que hemos llegado, consideramos que debe declararse sin lugar la moción de desestimación del Fiscal, y conceder al apelante 30 días adicionales, a partir de la fecha en que sea notificado, para perfeccionar la apelación del presente recurso, si así lo estimare conveniente a su derecho.*

El Juez Presidente Sr. Snyder no intervino.