Application of Conrad J. LYNN, Petitioner, To Inquire into the Cause of the Detention of Pedro Albizu Campos

v.

Gerardo DELGADO, Warden.

Civ. No. 9534.

United States District Court
D. Puerto Rico, San Juan Division.

Nov. 15, 1956.

Conrad J. Lynn, pro se.

Atty. Gen. of the Commonwealth of Puerto Rico, for respondent.

### RUIZ-NAZARIO, District Judge.

The petition in this case alleges, as the only ground of illegality of the detention of the prisoner, Mr. Pedro Albizu Campos, that he has been deprived of his right to question, by appropriate process and hearing, the validity of the determination made by the Governor of the Commonwealth of Puerto Rico in the sense that Mr. Albizu had failed to comply with the obligations imposed on him under the terms of the conditional pardon to him granted by the aforesaid Chief Executive of the Commonwealth and that, thus, Mr. Albizu has been deprived of his constitutional right of due process of law.

It appears from the petition that Mr. Albizu was charged, convicted and sentenced by the Superior Court of Puerto Rico, San Juan Part, for divers violations of the criminal laws of the Commonwealth of Puerto Rico, that he took an appeal therefrom to the Supreme Court of said Commonwealth which affirmed said judgments and sentences.

See People v. Albizu, 77 P.R.R. ——, 77 D.P.R. 896 (Spanish Edition).

On September 30, 1953, while his appeals in said cases were still pending before the Supreme Court of the Commonwealth and prior to the affirmance thereof by said court, the Governor of the Commonwealth granted Mr. Albizu a pardon conditioned to "summary revocation in the event that Pedro Albizu Campos attempts or conspires against the public safety, with the intent of subverting by means of violence or terror the established constitutional order and fails to respect the will of the people of Puerto Rico democratically expressed at the polls". (This Court's translation).

Said pardon further provided as follows:

"Upon a summary revocation of this pardon, Pedro Albizu Campos *may have recourse to the courts of this Commonwealth, by way of Habeas Corpus, to question the determination of his noncompliance of the conditions imposed herein.*" (This Court's translation—emphasis supplied).

The petition herein fails to allege that Mr. Albizu has in any way exercised his right of appeal to the United States Circuit Court of Appeals for the First Circuit and ultimately, by way of Certiorari, to the Supreme Court of the United States, from the aforesaid judgments of affirmance of the Supreme Court of the Commonwealth (77 P.R.R. ——, 77 D.P.R. 896); remedies which are expressly granted to him under Sections 1293, 1294, and 1254 of Title 28 U.S.C.A.

Neither does it appear from said petition that petitioner herein, or Mr. Albizu Campos, or anybody else in the latter's behalf, have filed before any of the courts of the Commonwealth, any petition for a *Writ of Habeas Corpus* to question the determination of his noncompliance of the conditions imposed on him by the Governor's pardon; a right and remedy, expressly accorded to him in the pardon proper. (See last quotation therefrom, supra).

Though it is alleged in the last paragraph of the petition, that a motion (not

a petition for a writ of habeas corpus) was filed in this connection before the Supreme Court of the Commonwealth and was denied by it, petitioner Conrad J. Lynn, acting as his own attorney, admitted to the Court at a preliminary hearing held for this purpose on November 14, 1956 at 2:45 p. m. that no such motion was ever filed or acted upon by the Supreme Court of the Commonwealth; and that the motion referred to in said paragraph of the petition was one filed by Attorney Hernandez Vargas, on defendant's appeal from the judgments of conviction, in reply to the People's request that said appeals be dismissed, in which motion said attorney made reference to the pardon and to its subsequent revocation, in support of his contention that defendant's delay in perfecting the appeals was duly justified. (See 77 P.R.R. ——, 77 D.P.R. 888 (Spanish Edition), at pp. 890 to 895). The Supreme Court of the Commonwealth, in said incident, denied the People's motion to dismiss the appeals and expressly saved defendant's right, pursuant to the terms of the pardon, to question its revocation. See Footnote 6, p. 894, quoted infra.

Sec. 2254, Title 28 U.S.C.A. states as follows:

"§ 2254. State custody; remedies in State courts. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." June 25, 1948, c. 646, 62 Stat. 967.

See also Title 48 U.S.C.A. § 864.

Mr. Albizu Campos is in custody pursuant to judgments of the Superior Court of Puerto Rico, San Juan Part, affirmed by the Supreme Court of the Commonwealth.

It does not appear that the prisoner has exhausted the remedies available to him in the Courts of the Commonwealth, and by way of appeal in the Circuit Court of Appeals for the First Circuit and by way of Certiorari in the Supreme Court of the United States, nor that there is an absence of available remedy, as to his right to question the revocation of his pardon nor that any circumstances rendering it ineffective are present. The Supreme Court of the Commonwealth in People v. Albizu, 77 P.R.R. ——, 77 D.P.R. 888 (Spanish Edition) expressly recognized and saved Mr. Albizu's right to do so under the terms of the pardon.

See footnote 6, at p. 894 (Spanish Ed.), which reads as follows:

"We take notice, because it is an official act of the Executive, of the revocation of the pardon to which we have been referring. No question whatsoever, relative to said revocation, nor to the non-compliance of the conditions imposed in the same is involved herein. The principles stated in the text of the opinion in that regard, do not pre-judge the right of the appellant to question, under the terms of the pardon, all that is relative to the non-compliance of the obligation imposed." (Translation by this Court).

It therefore appears

(a) That the remedies available to the petitioner herein, or to Mr. Albizu Campos or to anybody else in the latter's behalf, to raise in the Courts of the Commonwealth the same constitutional questions that he raises here about the legality of his imprisonment or detention, and to obtain a review of any adverse decision thereon by the Court of Appeals for the First Circuit and ultimately by the Supreme Court of the United States, have not been exhausted.

See Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex Parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, where it was said:

> "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court *only* after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." (Emphasis supplied.)

(b) That the Commonwealth's corrective processes existing, both at the time of the affirmance by the Supreme Court of the Commonwealth of his sentences of imprisonment, and at present, amply guarantee his right to question the revocation of his pardon; and

(c) That the petition fails to show the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner.

The petitioner, at the preliminary hearing, failed to present any meritorious explanation tending to take this case out of the bounds of Sec. 2254, Title 28 U.S.C.A. quoted supra. All he expressed was a mere surmise that if he pursued the remedies available under the laws of the Commonwealth, these might be unsuccessful.

The practice of resorting to the federal courts to by-pass the local tribunals, laws and procedures, long abused in the past, particularly in areas not endowed with the privileges of statehood, has been firmly and consistently discouraged in modern times by the federal judiciary. The fact that this court is sitting in the Commonwealth of Puerto Rico does not and must not justify a relaxation of this very modern concept of federal jurisdiction.

This Court has and will continue to have the utmost respect for the tribunals, the laws and the procedures of the Commonwealth and shall not lend its arm to permit the remedies available therein and thereunder to be by-passed under color of federal constitutional questions which petitioner, under said laws, has the most ample right to raise and have decided by said courts and to be reviewed on appeal, by the United States Court of Appeals for the First Circuit and ultimately, by certiorari, by the Supreme Court of the United States.

As directed from the bench yesterday, the present application must be, and hereby is denied.