BENJAMÍN ORTIZ CASTRO, peticionario y apelante, *v.* GERARDO DELGADO, JEFE DE LA PENITENCIARÍA ESTADUAL, demandado y apelado.

*Número:* AP-66-40    *Resuelto:* 18 de abril de 1969

*Enrique Miranda Merced, Edna Abruña Rodríguez* y *E. Armstrong de Watlington,* abogados del apelante; *J. B. Fernández Badillo,* Procurador General, y *Elpidio Arcaya,* Procurador General Auxiliar, abogados de El Pueblo.

PER CURIAM: El apelante cumplía diez sentencias en la Penitenciaría Estatal. En el curso de sus actividades era y es conocido por los siguientes nombres y aliases: Benjamín Ortiz Castro, Santos Taracio Hernández Cruz, Eleuterio Rodríguez Ortiz, Ramón Fernández Pérez, Eleuterio Ortiz Rodríguez, Ramón Hernández Cruz, Joaquín Rodríguez Fernández, Julio Martínez, Atanacio Hernández Cruz, Santos Hernández Cruz, Ramón Ortiz Rodríguez, Don Q y Tabaquito.

A ruegos del padre de aquél, el Gobernador, ejerciendo la discreción que para ello le confiere la Constitución, Art. IV, Sec. 4, le concedió un indulto condicional el cual el apelante aceptó. Una de las condiciones contenidas en dicho indulto era la siguiente: "Deberá mantener buena conducta y abstenerse de cometer delito público alguno." (¹) Mediante el indulto condicional el Gobernador puso al indultado bajo la supervisión del Presidente de la Junta de Libertad Bajo Palabra de Puerto Rico.

Más de dos años después de concedido el indulto y siguiendo la recomendación formal del Presidente de la Junta de Libertad Bajo Palabra, el Gobernador revocó el indulto y el apelante fue reingresado en la Penitenciaría. Para llegar a dicha recomendación el Presidente de la Junta de Libertad Bajo Palabra realizó una investigación con motivo de quejas recibidas sobre la conducta del indultado. En el curso de dicha investigación se oyó a los querellantes y se oyó al apelante.

Con motivo de su encarcelación el apelante solicitó un auto de hábeas corpus, el cual fue expedido y visto en el Tribunal Superior, Sala de San Juan. A la vista del recurso el apelante compareció personalmente y mediante abogado. Celebrada la vista el tribunal, mediante sentencia escrita y fundamentada, declaró sin lugar el recurso.

---

(¹) Todas las condiciones del indulto son válidas. Ninguna va contra la ley, la moral, ni es imposible de cumplir. *Pueblo* v. *Albizu*, 77 D.P.R. 888, 895 (1955).

En apelación el apelante alega que la revocación del indulto fue una actuación irrazonable y arbitraria del Gobernador. Por la razón que más adelante explicamos no tenemos que entrar a considerar la flaqueza de dicho planteamiento a la luz de los autos, de la transcripción de evidencia y del derecho aplicable. *Reynolds* v. *Jefe Penitenciaría*, 91 D.P.R. 303 (1964); *Pueblo* v. *Albizu*, 77 D.P.R. 888 (1955) y autoridades allí citadas; *Oquendo* v. *El Pueblo*, 32 D.P.R. 654 (1923). [2]

No es necesario, como apuntamos anteriormente, entrar a considerar los méritos—o falta de ellos—del error señalado porque es un hecho cierto que el apelante, estando bajo indulto condicional, en 13 de marzo de 1961, cometió un delito grave por el cual fue procesado y convicto. Violó en esta forma irrefutable la condición del indulto antes mencionada de abstenerse de cometer delito público. Aunque innecesario, para mayor certeza, consignamos que el aquí peticionario apeló para ante este Tribunal de esa convicción por el delito que cometió estando bajo indulto condicional y que este Tribunal confirmó la sentencia en 28 de junio de 1963, mediante la opinión *per curiam* en el caso CR-62-282, *Pueblo* v. *Andrade González*, 88 D.P.R. 862.

*En vista de lo anterior se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso el 15 de noviembre de 1965.*

---

[2] Nótese que no se trata de un caso de una persona que ha obtenido libertad bajo palabra concedídale por la Junta de Libertad Bajo Palabra, en cuyo caso serían aplicables las condiciones y el procedimiento establecidos por la ley para la revocación de la libertad bajo palabra, Ley Núm. 59 de 19 junio 1965; 4 L.P.R.A. sec. 646, Suplemento.